In the Matter of METROPOLITAN LIFE INSURANCE COMPANY, Appellant and Respondent, against NEW YORK STATE LABOR RELATIONS BOARD et al., Respondents and Appellants.

INDUSTRIAL INSURANCE AGENTS UNION, LOCAL 30, et al., Interveners, Respondents and Appellants.

Argued February 20, 1939; decided April 11, 1939.

*Samuel Seabury* for petitioner, appellant and respondent. The courts below erred in holding that agents are employees within the meaning of the Labor Relations Act (Labor Law [Cons. Laws, ch. 31], amd. L. 1937, ch. 443). (*People* v. *Thompson,* 230 App. Div. 75; 255 N. Y. 530; *Van Vlaanderen* v. *Peyet Silk Dyeing Corp.,* 278 Fed. Rep. 993; *People* v. *I. R. T. Co.,* 169 App. Div. 32; *De Vries* v. *Alsen Cement Co.,* 290 Fed. Rep. 746; *Jurman* v. *Hebrew National Sausage Factory,* 198 App. Div. 456; *Gay* v. *Hudson River Electric Power Co.,* 178 Fed. Rep. 499; *Matter of Europe* v. *Addison Amusements,* 231 N. Y. 105; *Lipstein* v. *Provident Loan Society,* 154 App. Div. 732; *People* v. *Graves,* 5 N. Y. Supp. [2d] 555; *Smith* v. *Boston & Albany R. R. Co.,* 99 App. Div. 94; 181 N. Y. 132; *Leppard* v. *O'Brien,* 225 App. Div. 162; 252 N. Y. 563; *Brown* v. *Manufacturers Trust Co.,* 278 N. Y. 317; *McKuskie* v. *Hendrickson,* 128 N. Y. 555; *Matter of Evans,* 113 App. Div. 373; *Shannahan* v. *Empire Engineering Corp.,* 204 N. Y. 543.) The provisions of the act, whereby the Legislature invests the Board with power to fix any unit it may see fit, and to determine, and at will terminate, the tenure of representatives elected by employees, are unconstitutional delegations of legislative power because the exercise thereof by the Board is subject to no rules or standards laid down by the Legislature. (State Const. art. 3, § 1; *Stanton* v. *Board of Supervisors,* 191 N. Y. 428; *Darweger* v. *Staats,* 267 N. Y. 290; *Matter of Small* v. *Moss,* 279 N. Y. 288; *Schechter Poultry Corp.* v. *United States,* 295 U. S. 495; *Morgan* v. *United States,* 304 U. S. 1; *Holgate* v. *Bashore,* 331 Penn. St. 255; *People* v. *Tremaine,* 252 N. Y. 27.) Provisions of the act violate the constitutional guaranty of freedom of contract. (*Auburn Draying Co.* v. *Wardell,* 227 N. Y. 1; *Virginian Ry. Co.* v. *System Federation,* 300 U. S. 515.) Article V of the State Constitution establishes specified civil departments in the State government and prohibits the creation of any additional ones. This constitutional prohibition is violated by the creation of the State Labor Relations Board. An examination of its

powers and duties discloses that it is an additional civil department of the State government — independent, self-contained and autonomous, and not within or responsible to any of the departments enumerated in the Constitution. (*People* v. *Tremaine*, 252 N. Y. 27.) The order of the Board, fixing Greater New York and the counties of West-chester, Nassau and Suffolk as an appropriate unit for compulsory collective bargaining, is without any evidence to sustain it, and is unreasonable, arbitrary and in disregard of all relevant practical considerations. The nature of the insurance business and the amenability of insurance companies to State statutes and to the regulations of the State Insurance Department, all State-wide in their application, require the unit of representation to be not smaller than the whole of the State. (*Stern* v. *Metropolitan Life Ins. Co.*, 169 App. Div. 217; 217 N. Y. 626; *Consolidated Edison Co.* v. *National Labor Relations Board*, 59 Sup. Ct. Rep. 206; *National Labor Relations Board* v. *Thompson*, 97 Fed. Rep. [2d] 13; *Interstate Commerce Comm.* v. *L. & N. R. R. Co.*, 227 U. S. 88.) The condition in the order of Special Term was proper. (*National Labor Relations Board* v. *Jones & Laughlin Steel Corp.*, 301 U. S. 1; *Virginian Ry. Co.* v. *System Federation*, 300 U. S. 515; *Carter* v. *Carter Coal Co.*, 298 U. S. 238.)

*Benjamin C. Ribman* for Peter Callahan et al., interveners, appellants and respondents.

*Burton A. Zorn, Eugene Cotton, Bernard Jaffe* and *John J. Bennett, Jr., Attorney-General* (*Henry Epstein* of counsel), for New York State Labor Relations Board, respondent and appellant. The proviso inserted by Special Term into the order of the Board is not properly a part of the order in these proceedings. (*Tennessee Pub. Co.* v. *American Nat. Bank*, 299 U. S. 18; *Barker Painting Co.* v. *Local No. 734*, 281 U. S. 462; *Ashwander* v. *Tennessee Valley Authority*, 297 U. S. 288; *Wilshire Oil Co.* v. *United States*, 295 U. S. 100; *Burton* v. *United States*, 196 U. S. 283; *Columbus & G. Ry. Co.* v. *Miller*, 283 U. S. 96; *Fairchild* v. *Hughes*,

258 U. S. 126; *Massachusetts* v. *Mellon*, 262 U. S. 447; *Schieffelin* v. *Goldsmith*, 253 N. Y. 243; *N. L. R. B.* v. *Coleman Lumber Co.*, 98 Fed. Rep. [2d] 18; *West Coast Hotel Co.* v. *Parrish*, 300 U. S. 379.) The industrial agents employed by the petitioner are employees within the meaning of the act. (Cons. Laws, ch. 31, § 701, subd. 3; *Associated Press* v. *N. L. R. B.*, 301 U. S. 103; *N. L. R. B.* v. *Mackay Radio Tel. Co.*, 58 Sup. Ct. Rep. 904; *City Bank Farmers Trust Co.* v. *N. Y. C. R. R. Co.*, 253 N. Y. 49.) The Board's determination of the appropriate unit must be affirmed. (*Zakonaite* v. *Wolf*, 226 U. S. 272; *Lewis* v. *Frick*, 233 U. S. 291; *Swayne & Hoyt, Ltd.*, v. *United States*, 300 U. S. 297; *Washington, V. & M. Coach Co.* v. *National Labor Relations Board*, 301 U. S. 142; *National Labor Relations Board* v. *Pennsylvania Greyhound Lines, Inc.*, 303 U. S. 261; *National Labor Relations Board* v. *Carlisle Lumber Co.*, 94 Fed. Rep. [2d] 138; 304 U. S. 575; *Association of Clerical Employees* v. *Brotherhood*, 85 Fed. Rep. [2d] 152; *Brotherhood of Locomotive Firemen & Enginemen* v. *Kenan*, 87 Fed. Rep. [2d] 651.) The provisions of the act authorizing the Board to determine the appropriate collective bargaining unit and permitting the Board by rule or regulation to fix the life of representatives, do not constitute an unlawful delegation of legislative power. (*Premier-Pabst Sales Co.* v. *Grosscup*, 298 U. S. 226; *Highland Farms Dairy, Inc.*, v. *Agnew*, 300 U. S. 608; *Plymouth Coal Co.* v. *Pennsylvania*, 232 U. S. 531; *Bourjois, Inc.*, v. *Chapman*, 301 U. S. 183; *Dollar Co.* v. *Canadian C. & F. Co.*, 220 N. Y. 270; *People* v. *Griswold*, 213 N. Y. 92; *People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387; *Virginian Ry. Co.* v. *System Federation*, 300 U. S. 515; *Village of Saratoga Springs* v. *Saratoga G. Co.*, 191 N. Y. 123; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416; *N. Y. Central Securities Corp.* v. *United States*, 287 U. S. 12; *Buttfield* v. *Stranahan*, 192 U. S. 470; *Interstate Commerce Commission* v. *Goodrich Transit Co.*, 224 U. S. 194; *United States* v. *Shreveport Grain & Elevator Co.*, 287 U. S. 77; *Hampton & Co.* v. *United States*, 276 U. S. 394; *Acme Steel & Malleable Iron Works* v. *Dept.*

*of Labor*, 228 App. Div. 756; 255 N. Y. 555.) The terms of the act do not involve any unconstitutional delegation of public power to private agencies, nor do they involve any unconstitutional violation of the guaranty of freedom of contract. (*System Federation* v. *Virginian Ry. Co.*, 300 U. S. 515; *National Labor Relations Board* v. *Jones & Laughlin Steel Corp.*, 301 U. S. 1; *Railroad Retirement Board* v. *Alton R. R. Co.*, 295 U. S. 330; *Old Dearborn Distributing Co.* v. *Seagram Distilling Corp.*, 299 U. S. 183; *West Coast Hotel Co.* v. *Parrish*, 300 U. S. 379; *Nebbia* v. *New York*, 291 U. S. 502.) The creation of the State Labor Relations Board is entirely consistent with the provisions of article 5 of the State Constitution since the Board is not a new civil department of government but is an integral part of the department of labor. (*Massachusetts* v. *Mellon*, 262 U. S. 447; *Heald* v. *District of Columbia*, 259 U. S. 114; *Ashwander* v. *T. V. A.*, 297 U. S. 288; *Schieffelin* v. *Goldsmith*, 253 N. Y. 243.)

*Louis B. Boudin, Sidney Elliott Cohn* and *Julia C. Algase* for Industrial Insurance Agents Union, Local 30, intervener, respondent and appellant. The act is constitutional, the major provisions thereof being identical with those of the national act. (*National Labor Relations Board* v. *Jones & Laughlin Steel Corp.*, 301 U. S. 1; *National Labor Relations Board* v. *Fruehauf Co.*, 301 U. S. 49; *National Labor Relations Board* v. *Friedman-Harry Marks Clothing Co.*, 301 U. S. 58; *Associated Press* v. *National Labor Relations Board*, 301 U. S. 103; *National Labor Relations Board* v. *Pennsylvania Greyhound Lines, Inc.*, 303 U. S. 261; *Santa Cruz Fruit Packing Co.* v. *National Labor Relations Board*, 303 U. S. 453; *Chamberlain, Inc.* v. *Andrews*, 271 N. Y. 1; *West Coast Hotel Co.* v. *Parrish*, 300 U. S. 379; *Monongahela Navigation Co.* v. *United States*, 148 U. S. 312; *Adair* v. *United States*, 208 U. S. 161; *United States* v. *Chicago, M., St. P. & P. R. Co.*, 282 U. S. 311; *Railroad Retirement Bd.* v. *Alton R. R. Co.*, 295 U. S. 330.) The act is not unconstitutional because of the specific provisions with

respect to the bargaining unit. (*People* v. *Richards*, 108 N. Y. 137; *Friedman* v. *N. Y. C. R. R. Co.*, 206 App. Div. 169; *People* v. *Lamphere*, 219 App. Div. 422; *People* v. *Cit⸱* of *Buffalo*, 93 Misc. Rep. 275; *Matter of Wallach's Inc.* v. *Boland*, 253 App. Div. 371; *Rail & River Coal Co.* v. *Yaple*, 236 U. S. 338; *Massachusetts* v. *Mellon*, 262 U. S. 447.) The employees involved herein are within the purview of the act. (*Matter of New York & Brooklyn Bridge*, 72 N. Y. 527; *Cooper-Snell Co.* v. *State*, 230 N. Y. 249; *Matthews* v. *Matthews*, 240 N. Y. 28; *People ex rel. McNeile* v. *Glynn*, 128 App. Div. 257; *People ex rel. McEachron* v. *Bashford*, 128 App. Div. 351; *Lautman* v. *City of New York*, 157 App. Div. 219.) The bargaining unit designated by the Board was proper. (*Washington Coach Co.* v. *National Labor Relations Board*, 301 U. S. 142; *Cons. Ed. Co.* v. *National Labor Relations Board*, 95 Fed. Rep. [2d] 390; *National Labor Relations Board* v. *Thompson Products*, 97 Fed. Rep. [2d] 13; *Standard L. & S. Co.* v. *National Labor Relations Board*, 97 Fed. Rep. [2d] 531.) The condition placed upon the Board's order by the Special Term is improper. That portion of the order should be eliminated. (*Virginian Ry. Co.* v. *System Federation*, 300 U. S. 515; *National Labor Relations Board* v. *Jones & Laughlin Steel Corp.*, 301 U. S. 1.)

LOUGHRAN, J.  The questions for decision go to the scope and validity of the New York State Labor Relations Act (Laws of 1937, ch. 443).

The act was added to the Labor Law (Cons. Laws, ch. 31) as article 20, sections 700–716. Section 700 is captioned " Findings and policy." It reads as follows:

" Under prevailing economic conditions individual employees do not possess full freedom of association or actual liberty of contract. Employers in many instances organized in corporate or other forms of ownership associations with the aid of government authority have superior economic power in bargaining with employees. This growing inequality of ¹ bargaining power substantially and adversely affects the general welfare of the state by creat-

ing variations and instability in competitive wage rates and working conditions within and between industries and by depressing the purchasing power of wage earners, thus (a) creating sweat shops with their attendant dangers to the health, peace, and morals of the people, (b) increasing the disparity between production and consumption, and (c) tending to produce and aggravate recurrent business depressions. The denial by some employers of the right of employees to organize and the refusal by employers to accept the procedure of collective bargaining tend to lead to strikes, lockouts and other forms of industrial strife and unrest, which are inimical to the public safety and welfare and frequently endanger the public health.

" Experience has proved that protection by law of the right of employees to organize and bargain collectively removes certain recognized sources of industrial strife and unrest, encourages practices fundamental to the friendly adjustment of industrial disputes arising out of differences as to wages, hours, or other working conditions, and tends to restore equality of bargaining power between employers and employees.

" In the interpretation and application of this article, and otherwise, it is hereby declared to be the public policy of the state to encourage the practice and procedure of collective bargaining and to protect the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection, free from the interference, restraint or coercion of their employers.

"All the provisions of this article shall be liberally construed for the accomplishment of this purpose.

" This article shall be deemed an exercise of the police power of the state for the protection of the public welfare, prosperity, health and peace of the people of the state."

The general structure of the act must be briefly described. It creates a State Labor Relations Board and defines its composition and organization (§ 702). It affirms the right

of employees to self-organization and to bargain collectively through representatives of their own choosing (§ 703). It defines certain activities of employers as unfair labor practices (§ 704). It regulates the representation of employees for the purpose of collective bargaining (§ 705). It empowers the Board to prevent employers from engaging in the defined unfair labor practices (§ 706). It authorizes the Board to petition the Supreme Court of the State for the enforcement of its orders. " The findings of the board as to facts, if supported by evidence, shall be conclusive." Any person aggrieved by a final order of the Board may have a review thereof in the Supreme Court and the judgment of the court may be reviewed on appeal (§ 707). The Board has extensive investigatory powers (§ 708). Willful interference with its members or agents in the performance of their duties is punishable by fine and imprisonment (§ 709). Nothing in the act is to be construed to interfere with the right of employees to strike (§ 713).

Metropolitan Life Insurance Company (hereinafter called Metropolitan) employs approximately 2,500 agents to solicit industrial insurance in the city of New York and the counties of Nassau, Suffolk and Westchester. These agents on April 13, 1938, elected as their representative for the purpose of collective bargaining a labor organization called " Industrial Insurance Agents Union, Local 30, affiliated with the United Office & Professional Workers of America, C. I. O." The Board then certified that this union (hereinafter called Local 30) had been designated by these agents as their exclusive collective bargaining representative. Those proceedings were taken under section 705 of the act.

Local 30 thereafter offered to confer with Metropolitan for the purpose of arriving at a collective bargaining agreement. When this proposal was rejected, the Board, acting on charges filed by Local 30, issued a complaint against Metropolitan alleging that its refusal to negotiate with Local 30 constituted the unfair labor practice of refusing to bargain collectively. (See subd. 6 of section 704 of the act.) Metropolitan appeared before the Board and chal-

lenged the constitutionality of the act and its applicability in this instance. The Board took jurisdiction, heard evidence on the merits, made findings sustaining the charges of Local 30, and by its order of June 7, 1938, directed Metropolitan to cease and desist from refusing to bargain collectively with Local 30 as the exclusive representative of the agents in question and to post for thirty days notices that it would do so. This order further directed Metropolitan, upon request, to bargain collectively with Local 30 as such exclusive representative.

Metropolitan petitioned the Supreme Court to vacate the order. The Board countered with a motion that the order be enforced. Special Term denied the petition of Metropolitan and granted the cross-motion of the Board. The Appellate Division affirmed. By its leave, the case is now here on cross-appeals.

(1) The first point made by Metropolitan is that its agents in question are not " employees " within the meaning of the act.

The Labor Law is chapter 31 of the Consolidated Laws. The act was inserted therein as article 20 (L. 1937, ch. 443, § 1). Article I of the Labor Law (the same chapter 31) has long provided: " Whenever used in this chapter * * * 5. ' Employee ' means a mechanic, workingman or laborer working for another for hire." (§ 2.) Metropolitan insists that that definition must be read into the act since the act is thus part of " this chapter." Metropolitan's agents are not employees within that definition. Hence, we are asked to conclude that the act was without application to the present case.

But the act contains its own definitions. Section 701 of article 20 of the Labor Law provides: " When used in this article * * * 3. The term ' employees ' includes but is not restricted to any individual employed by a labor organization; any individual whose employment has ceased as a consequence of, or in connection with, any current labor dispute or because of any unfair labor practice, and who has not obtained any other regular and substantially

equivalent employment; and shall not be limited to the employees of a particular employer, unless the article explicitly states otherwise, but shall not include any individual employed by his parent or spouse or in the domestic service of any person in his home, or any individuals employed only for the duration of a labor dispute, or any individuals employed as farm laborers." (The emphasis is ours.)

The act also elsewhere specifies employees to whom it is *not* applicable. Section 715 says: " The provisions of this article shall not apply to the employees of any employer who concedes to and agrees with the board that such employees are subject to and protected by the provisions of the national labor relations act or the federal railway labor act or to employees of the state or of any political or civil subdivision or other agency thereof, or to employees of charitable, educational or religious associations or corporations."

To our minds it is entirely plain that these terms of inclusion and exclusion expressed by sections 701 and 715 of article 20 of the Labor Law were not intended to be touched by the narrow definition of " Employee " that had been previously laid down in section 2 of article I.

Metropolitan stresses the omission from section 701 of the phrase " any employee," which is part of the definition of " employee " made by section 2 of the National Labor Relations Act. (U. S. Code, tit. 29, ch. 7, § 152, subd. 3.) Inasmuch as article 20 of the Labor Law largely adopted the text of the National Act, this omission is said to bespeak a deliberate purpose of our Legislature not to go along with the Congress of the United States in extending the protection of this legislation to so-called white collar workers. We think it unnecessary to set forth our analysis of the many critical refinements which this idea implies. Over and above all such argumentation stands the engendering principle of the New York act as declared by the words already quoted from section 700. The purpose and policy there avowed — and the scheme of the act as a

whole — dispel all doubt that these agents of Metropolitan are employees in the sense of section 701.

(2) Subdivision 2 of section 705 of the act provides: " The board shall decide in each case whether, in order to insure to employees the full benefit of their right to self-organization, to collective bargaining and otherwise to effectuate the policies of this article, the unit appropriate for the purposes of collective bargaining shall be the employer unit, craft unit, plant unit, or any other unit; provided, however, that in any case where the majority of employees of a particular craft shall so decide the board shall designate such craft as a unit appropriate for the purpose of collective bargaining." Metropolitan contends that this provision amounts to a delegation to the Board of the law-making power of the Legislature. (See N. Y. Const. art. III, § 1; *Darweger* v. *Staats*, 267 N. Y. 290, 305.)

Argument is made that the words " or any other unit " following the words " employer unit, craft unit, plant unit," empower the Board to designate any kind of unit at all. We think the context sufficiently shows that these phrases are cognate language. "Any other unit " must be taken to mean any other character of unit resembling the types described by the preceding words.

Argument is made that the act is silent respecting any norm whereby the Board may choose between different units. We think the requirement that the unit be " appropriate for the purposes of collective bargaining " enjoins upon the Board ascertainable rules of decision for performance of this function.

Subdivision 7 of section 702 of the act authorizes the Board to determine " the life of the selected representatives." Argument is made that this commits to the Board an unconfined discretion. But the authority so conferred is to be exercised through " such rules and regulations as may be necessary to carry out the provisions of this article." The defined purposes of the act do not countenance what Metropolitan assumes is a limitless power of the Board to permit employees to change bargaining representatives for any reason at any moment.

Before we pass from these phases of the case, it should be noticed also that the act sets up explicit procedural standards as to charges, notice, hearing and findings and as to judicial review. (§§ 706, 707.) Similar provisions of the National Labor Relations Act have been finally construed " as affording adequate opportunity to secure judicial protection against arbitrary action in accordance with the well-settled rules applicable to administrative agencies." (*National Labor Relations Board* v. *Jones & Laughlin Steel Corp.*, 301 U. S. 1, 47.)

(3) Metropolitan further contests the validity of the act as an unconstitutional violation of " freedom of contract." *National Labor Relations Board* v. *Jones & Laughlin Steel Corp. (supra)* has refuted this point. Metropolitan essays to distinguish that case. We are reminded that the National Labor Relations Act purports to reach only what may be deemed to burden or obstruct interstate or foreign commerce and that there is no commerce clause in the Constitution of this State. Nothing turns on these differences. Due process for us is the same due process to which the Federal Congress is subject when it exercises its commerce power. (*Railroad Retirement Board* v. *Alton R. R. Co.*, 295 U. S. 330, 347; *Central Sav. Bank* v. *City of New York*, 280 N. Y. 9.)

(4) Though the act declares the Board to be created in the Department of Labor (§ 702, subd. 1), it deprives that department of all control over any decision or finding of the Board and of all supervision over the exercise by the Board of any of its powers or duties. (Id. subd. 9.) Members of the Board are appointed by the Governor with the consent and advice of the Senate for a fixed term of six years and are removable by the Governor only for cause. (Id. subd. 1.) Moneys appropriated to the Board are subject to departmental budgetary control (§ 711), but its expenses are paid upon vouchers approved by its chairman. (§ 702, subd. 4.)

Upon this freedom of function and length of tenure, Metropolitan builds an argument that the Board is so far

an autonomous unit that its existence offends the constitutional prohibition against the creation of new civil departments of the government of the State. (N. Y. Const. art. V.) We think nothing in that constitutional limitation was intended to prevent the establishment within an existing government department of a quasi-judicial agency with authority to make decisions reviewable only in the courts. Power so to create the agency includes implied power to prescribe all that may fairly be thought to be necessary to foster the agency in its essential functions. In that view, the constitutional command is not here offended by want of sharper intradepartmental regulation of the ministerial work of the Board or by undue restrictions on the executive power of removal. In that view, too, we have now no occasion to examine the separability clause found in section 714 of the act.

(5) Metropolitan insists that there is no substantial evidence to support the finding of the Board that the agents in question constituted a unit appropriate for the purposes of collective bargaining.

Decision by the Board of this issue was chiefly influenced by the following factors: (a) These agents are a homogeneous group whose activities are distinctive in that industrial insurance is designed for people of small means who make payments for it to the agents on a weekly or monthly basis. (b) The five boroughs of the city of New York and the counties of Nassau, Suffolk and Westchester make up one of the " territories " into which Metropolitan has divided the United States for some purposes of its business. (c) The geographical contiguity of Metropolitan's district offices within that area has resulted in a close relationship among the agents operating therefrom.

On the other hand, Metropolitan maintains that the only appropriate unit was the whole of the State of New York because: (a) The functions of its agents in all parts of the State are the same. (b) Rules regulating its relations with its agents are uniform throughout the State. (c) An agent may write insurance anywhere in the State and (except in

special circumstances) receives his commission irrespective of the residence of the policyholder or the location of the office to which the agent is attached.

We cannot say that choice between these two combinations of fact was not fairly the subject of substantially differing viewpoints in reasonable minds. Accordingly we need say no more at this point than that we are without power to disturb this finding of the Board. (Labor Law, § 707, subd. 2.)

The foregoing considerations dispose of the questions presented by the appeal of Metropolitan. The interveners Callahan and others have raised only the same questions on their appeal. We turn now to the appeal of the Board and that of Local 30, as intervener.

(6) The Board's application for enforcement of its order was granted by the Special Term, " with the condition that the direction to the petitioner [Metropolitan] in the order of the New York State Labor Relations Board, * * * insofar as it directs that negotiations be carried on ' exclusively ' with Local 30, is deemed to mean with no other person as a representative of another but not to prevent negotiations between the petitioner and any of its employees each acting for himself; and with the foregoing interpretation petitioner [Metropolitan] is directed to carry out the order of said Board of June 7, 1938." The Board and Local 30 demand that we strike this provision from the order of the Special Term on the ground that the court thereby opened the door to practices that might defeat the purposes of the act. We see no reason for doing so. If that order really needed any clarification in this aspect (cf. the *Jones & Laughlin* case, *supra*, pp. 45, 46), the proper procedure was an application to the Supreme Court.

The order should be affirmed, without costs.

CRANE, Ch. J., LEHMAN and FINCH, JJ., concur; O'BRIEN, HUBBS and RIPPEY, JJ., dissent on the ground that the statute applies only to industrial workers without considering other grounds involved.

Order affirmed.