BANK OF YORKTOWN, Plaintiff, *v.* JOHN P. BOLAND and Others, Constituting the New York State Labor Relations Board, Defendants.

Supreme Court, Special Term, New York County, January 3, 1940.

*Mackey & Herrlich* [*Richard J Mackey* of counsel], for the plaintiff.

*Ralph T. Seward* [*Ralph T. Seward* and *Eugene Cotton* of counsel], for the defendants.

PECORA, J. Motion by defendants for judgment on the pleadings. Plaintiff, a domestic banking corporation, brings this action for a declaratory judgment adjudging that the provisions of the New York State Labor Relations Act (§§ 700–716; herein called the Act) do not apply to the plaintiff, and that the defendants, comprising the New York State Labor Relations Board (herein called the Board) have no jurisdiction over plaintiff or over its employees. Plaintiff further requests that the Board be enjoined, *pendente lite*, from taking any steps with respect to plaintiff or its employees under the provisions of the Act.

A procedural question must first be resolved before entering upon a discussion of the merits of the motion. Heretofore defendants moved for an order dismissing the complaint under rule 106 of the Rules of Civil Practice upon the ground that the complaint did not state a cause of action. That motion was granted at Special Term. The learned justice at Special Term used the following language, in part, in dismissing the complaint: " Recent decisions of the United States Supreme Court and of the courts of this State make it clear that the scope of the statute and the propriety of the assumption of jurisdiction by the board may not be tested either by a suit for a declaratory judgment or by a suit to restrain the board. Litigants must pursue the orderly methods of review prescribed by statute. [Citing cases.] * * * The cases cited are decisive of all the issues properly raised by the present proceedings, and require the denial of the motion for an injunction and a dismissal of the complaint." It thus appears from this excerpt that the complaint was dismissed because the court at Special Term deemed that an action for a declaratory judgment was not the proper remedy to pursue in the premises. The decision was affirmed, without opinion, by the learned Appellate Division. (*Bank of Yorktown* v. *Boland*, 255 App. Div. 840.)

Simultaneously with the argument of the appeal from the order dismissing the complaint the Appellate Division heard argument in the case of *Metropolitan Life Ins. Co.* v. *New York State Labor Relations Board* (255 App. Div. 840), where the Special Term had held that the Act was applicable to employees of insurance companies. That decision, too, was affirmed. Leave was granted by the Appellate Division, in both cases, to appeal to the Court of Appeals upon certified questions. (255 App. Div. 950; Id. 962.)

In the instant case the first question certified was: " Does the complaint herein state facts sufficient to constitute a cause of action?" On April 11, 1939, the Court of Appeals rendered decisions in both appeals. The jurisdiction of the Board and the constitutionality of the Act were sustained in *Matter of Metropolitan Life*

*Ins. Co.* v. *New York State Labor Relations Board* (280 N. Y. 194). Judges O'BRIEN, HUBBS and RIPPEY dissented. On the appeal in the case herein no opinion was written, but the order of the Court of Appeals declared (Id. 673): " Orders reversed, without costs, on the authority of *Dun & Bradstreet, Inc.,* v. *City of New York* (276 N. Y. 198) and the action remitted to the Special Term for further proceedings in accordance with the opinion in *Matter of Metropolitan Life Ins. Co.* v. *New York State Labor Relations Board* (280 N. Y. 194). First question certified answered in the affirmative. Other questions certified not answered. No opinion. Concur: CRANE, Ch. J., LEHMAN, LOUGHRAN and FINCH, JJ.; O'BRIEN, HUBBS and RIPPEY, JJ., concur for reversal but dissent as to further proceedings in the action."

The defendants, after having interposed an answer to the complaint, now seek a declaratory judgment *on the pleadings.* Plaintiff contends that the Court of Appeals has decided that the complaint is sufficient on its face and that by virtue thereof this motion must be denied. In urging this aspect of the case plaintiff misconstrues the effect and meaning of the determination and order of the Court of Appeals. All that the order could mean is that the present action is one in which the Supreme Court may, in its discretion, take jurisdiction for the purpose of rendering a declaratory judgment. Plaintiff confuses the concept of the sufficiency of the complaint to state a cause of action for the exercise of jurisdiction to grant declaratory judgment with the other concept or question of its sufficiency to warrant a declaratory judgment in its favor. It is the latter question which has been remitted to this court by the Court of Appeals for determination. The plaintiff argues that if the Court of Appeals thought that defendants were entitled to judgment it would have so indicated merely by affirming the action of the Special Term and the Appellate Division in dismissing the complaint. The Court of Appeals, in fact, has no power to grant a declaratory judgment. That power is by statute vested in the Supreme Court. (See Civ. Prac. Act, § 473.) As was said in *Dun & Bradstreet, Inc.,* v. *City of New York (supra,* at p. 207): " Section 473 of the Civil Practice Act and rule 212 of the Rules of Civil Practice vest in the Supreme Court a certain discretion as to the allowance of a declaratory judgment." Consequently the contention of plaintiff that in view of the order made herein by the Court of Appeals the only means of determining this action is by a trial is unsupported. The argument of the defendants that this court does not have to pass on the substantive merits of the pleadings is equally untenable. If there are no questions of fact involved this court must examine the pleadings and decree the rights of the

parties in accordance with the opinion in the *Metropolitan Life Ins.* case (*supra*).

Thus the question now before this court is one of statutory construction. Does the Act apply to banks and their employees? The Court of Appeals has already held in the *Metropolitan Life Ins. Co.* case (*supra*) that the act includes all employees with the exception of those specifically enumerated in section 715 of the Labor Law, and these exceptions are employees of the State or any political or civil subdivision thereof and employees of charitable, educational or religious associations or corporations. Obviously, employees of banks do not come within these exceptions. Furthermore, nothing in the Banking Law or any other statute exempts banks from the operation of the Act. The argument that public policy forbids an interpretation which brings banking employees within the scope of the Act cannot be sustained. Apart from the fact that the Legislature could have expressed such public policy by exempting banks and their employees from the operation of the Act, we find that in the Act itself there is a definite statement of the public policy of the State which cannot be ignored. This declaration, which is in section 700 of the Labor Law, reads as follows:

" In the interpretation and application of this article, and otherwise, it is hereby declared to be the public policy of the State to encourage the practice and procedure of collective bargaining and to protect the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection, free from the interference, restraint or coercion of their employers.

" All the provisions of this article shall be liberally construed for the accomplishment of this purpose."

In its order in this case, as already observed, the Court of Appeals specifically remitted the action " to the Special Term for further proceedings in accordance with the opinion in *Matter of Metropolitan Life Ins. Co.* v. *New York State Labor Relations Board* (280 N. Y. 194)." Thus that high court has already held in no uncertain language that this case is to be governed by the principles enunciated in the *Metropolitan Life Ins. Co.* case (*supra*) as to the applicability of the Act to the plaintiff.

Under these circumstances it is manifest that the issues raised by the pleadings are such that no factual question is presented which requires a trial for its determination. Upon the pleadings I find that the provisions of the New York State Labor Relations Act apply to the plaintiff and that the New York State Labor

Relations Board has jurisdiction over the plaintiff and over the employees of the plaintiff. The motion of the defendants is, therefore, granted. It follows, of course, that plaintiff's motion for injunctive relief is denied. Settle judgment and order in accordance herewith.