In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, against METROPOLITAN LIFE INSURANCE COMPANY et al., Respondents.

Supreme Court, Special Term, New York County, November 13, 1944.

*William E. Grady, Jr.,* for petitioner.

*McLanahan, Merritt & Ingraham* for Metropolitan Life Insurance Company and others, respondents.

*Cullen & Dykman* for Brooklyn Trust Company, respondent.

VALENTE, J. In this proceeding (Labor Law, § 707) petitioner seeks enforcement of its order to respondents, apartment-house owners and managers, to bargain collectively with a union representing building superintendents. Each building involved has but a single superintendent, as is commonly the case.

Respondents, on various grounds, cross-petition for dismissal. It is said that as such superintendents represent management on the respective premises, they are, in truth, employers rather than employees. No doubt, as to their subordinates, this may well be true (Labor Law, § 701, subd. 2; *R. J. Reynolds Tobacco Company,* 6 N. Y. S. L. R.B. 202); yet, in relation to their own employers, they remain employees still (Labor Law, § 701, subd. 3; *National Labor Relations Bd.* v. *Skinner & Kennedy S. Co.,* 113 F. 2d 667; *Matter of Labor Relations Bd. of State of N. Y.* v. *Hudson,* N. Y. L. J., Sept. 12, 1942, p. 567, col. 4, affd. 267 App. Div. 763, affd. 293 N. Y. 671). The Board has found as a fact that these superintendents are here employees. On the conflicting inferences possible to be drawn from the evidence in this record, such conclusion is at last reasonably permissible and not without substantial evidentiary support. This court is thus without power to disturb that finding of fact by the Board. (*Met. Life Ins. Co.* v. *Labor Relations Board,* 280 N. Y. 194; *Matter of Stork Restaurant, Inc.* v. *Boland,* 282 N. Y. 256; *Board* v. *Hearst Publications,* 322 U. S. 111.)

Further, the Board's order is said to be arbitrary and contrary to the purposes of the act and to public policy. It is claimed that the loyalty of superintendents to owners will be undermined thereby, particularly since the superintendents' union is, in a sense, identified with the union of other subordinate employees. With regard to supervisory employees in general the point is not without force. (Cf. *The Maryland*

*Dry Dock Company,* 49 N. L. R. B. 733; *General Motors Corporation,* 51 N. L. R. B. 457; but, see *Soss Manufacturing Company,* 56 N. L. R. B. 348.) However, where there has been a prior history of collective bargaining by supervisory employees in a particular trade an order directing collective bargaining has issued nevertheless. (*Jones & Laughlin Steel Corporation,* 51 N. L. R. B. 1204.) As it amply appears that such is the case here this objection must be held without merit.

Respondents also urge that bargaining with a representative of a single employee is not and cannot be collective bargaining within the purview of the act. It is true that the statute generally would seem phrased otherwise and, at first blush, the term would seem to connote a contrary idea. (Cf. *Rentschler* v. *Missouri P. R. Co.,* 126 Neb. 493.) Labor boards elsewhere have likewise ruled that " the principle of collective bargaining presupposes that there is more than one eligible person who desires to bargain " (*Matter of Luckenbach SS. Co., Inc.,* 2 N. L. R. B. 181, 193; *Matter of Metro-Goldwyn-Mayer Studios,* 8 N. L. R. B. 858; *Trawler Maris Stella, Inc.,* 12 N. L. R. B. 415; *Matter of Magazzu and International Alliance of Theatrical Employees, etc.,* Pa. S. L. R. B., No. 15, Sept. 17, 1941, 9 L. R. R. 153).

In the opinion of this court these rulings have validity only in the narrow circumstance of a single employee in a single shop, without combination with others, and are unsound when applied to the broader situation, clearly distinguishable, of a combination of many similarly situated single employees of single shops in the same trade. A like result was reached, on even broader grounds, by the Court of Common Pleas of the State of Pennsylvania in reversing the case last cited. (12 L. R. R. 483.)

The act provides for inclusion of the singular in any plural use of language (Labor Law, § 701, subd. 3) and such is the general canon of construction. (General Construction Law, § 35.) The court is commanded to construe the act not narrowly, but to give life to its social purposes to avoid labor strife and to promote labor peace. (Labor Law, § 700; *Met. Life Ins. Co.* v. *Labor Relations Board,* 280 N. Y. 194, 205, *supra.*) Here, too, in the very nature of the trade, each employer can have but a single employee, or at least that will be so in the great majority of cases. The great social benefits of the act should not be withheld, by narrow construction, from a group of such single employees similarly situated. The moving purpose of

legislation of this character cannot have been primarily to affect the single shop alone, but rather, and clearly, to encourage collective bargaining throughout a trade and to insure to such trade harmony between employees and employers. The courts of the State and nation have impressively repeated that " to render this combination at all effective, employees must make their combination extend beyond a single shop " and that " conditions of employment prevailing in a given establishment cannot be insulated against the influence of different standards which may exist elsewhere in that industry " (*Amer. Foundries* v. *Tri-City Council*, 257 U. S. 184, 209; *May's Furs & Ready-to-Wear, Inc.*, v. *Bauer*, 282 N. Y. 331, 340; *J. I. Case Co.* v. *Labor Board*, 321 U. S. 332; *Exchange Bakery & Restaurant, Inc.*, v. *Rifkin*, 245 N. Y. 260; *Gips* v. *Osman*, 170 Misc. 53, affd. 258 App. Div. 789). Thus, while collective bargaining for a single person in a single shop without combination with others similarly situated may indeed be a contradiction in terms, where such combination does exist, and particularly in a trade which necessarily involves such single employment in each individual case, as at bar, the court holds that, within a proper and natural construction of the statute, the order of the board directing collective bargaining invades no constitutional right of freedom of contract and is to be sustained.

Other points raised by respondents are held to be unsubstantial. The operative point of time for present purposes is the date of the making of the board's order and changes of circumstance thereafter are immaterial. (Cf. *Matter of N. Y. State Labor Relations Board* v. *Timen*, 264 App. Div. 120.) Substitution of one employee for another in the bargaining unit is of no effect unless the union's status as representative is thereby affected, which is not here the case. Respondent Realty Advisory Board on Labor Relations, Inc., may be considered to be an employer because acting on behalf of the employers (*Matter of Labor Relations Bd. of State of N. Y.* v. *Hudson, supra*) and, in any event, it was open to the board so to find on the evidence. (*Matter of Stork Restaurant, Inc.*, v. *Boland*, 282 N. Y. 256, *supra*.)

The application for an order of enforcement is granted and the cross application is denied. Settle order.