Per Curiam.

On May 2,1945, Club Transportation Corp. purchased from the trustee in bankruptcy of Suburban Bus Co., Inc., all the assets of the bankrupt. On May 3, 1945, the operating personnel of Suburban (all of whom belonged to an A. F. of L. union) were discharged and were immediately offered employment at Club provided they joined the C. I. 0. union with which Club had a closed shop contract. Appellant found this to be an unfair labor practice under subdivisions 4 and 5 of section 704 of the Labor Law, in that by that conditional offer of employment Club and those acting on its behalf required the former Suburban personnel to refrain from joining or assisting .the union to which they belonged (which was the labor organization of their choosing) and discouraged membership in that union. Appellant thereupon issued the order which it seeks by this proceeding to enforce, which order required respondents to (1) cease the unfair labor practice; (2) offer employment at Club immediately to the former Suburban personnel, without relinquishment of membership in the A. F. of L. union to which they belonged and without requiring membership in the C. I. O. union with which Club had the closed shop contract; (3) make the employees whole by giving them back pay. By the order appealed from Special Term denied appellant’s application to enforce its order and vacated and set it aside.
The order should be reversed on the law and the facts, with $50 costs and disbursements, and the application to enforce appellant’s order of August 1, 1947, granted, without costs.
The closed shop contract upon which respondents relied to require membership in the C. I. O. union was not a justification for making a conditional offer of employment under subdivision *538 5 of section 704 of the Labor Law, because the C. I. 0. union was not the majority representative of the appropriate bargaining unit, which unit appellant found to be the positions held by the former Suburban employees. Appellant had power in this unfair labor practice proceeding to make a determination as to what constituted the appropriate bargaining unit. (International Ass'n. etc. v. National Labor Rel. Bd., 110 F. 2d 29, affd. 311 U. S. 72; National Labor Rel. Bd. v. Graham, 159 F. 2d 787.) The finding by appellant that the positions held by the former Suburban employees were the appropriate bargaining unit was justified by the facts that (1) prior to May 3, 1945, Club and Suburban, though commonly owned, were operated as separate bus systems and were maintained as separate entities for labor relations purposes; (2) the bus routes of Club and Suburban covered entirely different geographical areas, Suburban having four times as many routes as Club, four times as many miles, and twice as many employees; (3) the Club contract with the C. I. 0. union of February 26,1945, provided that there would be no interchange or transfer of employees between Club and Suburban. (National Labor Rel. Bd. v. Norfolk Southern Bus Corp., 159 F. 2d 516, certiorari denied 330 U. S. 844; Labor Law, § 707, subd. 2; Packard Co. v. Labor Board, 330 U. S. 485, 491.) If at some time not definitely stated in the record there were any integration between the two bus routes, it had not taken place at the time of the conditional offer of employment, nor had the decision to integrate the two routes been made at that time. However, assuming that the positions held by the former Suburban employees did not constitute an appropriate bargaining unit, there is no proof in this record that the C. I. O. union was the representative of the majority of the employees in the overall unit, nor was the closed shop contract applicable by its terms to the overall unit. Bequirement by respondents of membership in the C. I. 0. union as a condition to employment at Club, even though not coupled with a demand of resignation from the A. F. of L. union, was sufficient to constitute the unfair labor practices of which respondents were found guilty. Appellant had power to require Club to offer employment to the former Suburban employees even though those employees had never before been employees of Club, and to direct respondents to make those employees whole by awarding them back pay. (Labor Law, § 706, subd. 3; Phelps Dodge Corp. v. Labor Board, 313 U. S. 177.) The individual officers and directors of Club, as well as Club itself, were prop *539 erly directed to make good the award of back pay. (Labor Law, § 701, subd. 2; Matter of State Labor Rel. Bd. v. Metropolitan Life Ins. Co., 183 Misc. 1064, affd. 269 App. Div. 934, affd. 295 N. Y. 839; Matter of New York State Labor Rel. Bd. v. Hudson, 37 N. Y. S. 2d 304, affd. 267 App. Div. 763, affd. 293 N. Y. 671; Labor Board v. Jones & Laughlin, 301 U. S. 1, 48-49; Matter of N. Y. State Labor Rel. Bd. v. Wheeler, 177 Misc. 945, affd. 265 App. Div. 970, affd. 291 N. Y. 562.)