In the Matter of Bernard Weiselberg, Petitioner, against Joseph A. McNamara et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Supreme Court, Special Term, New York County, March 17, 1950.

*Samuel Resnicoff* for petitioner.

*John P. McGrath, Corporation Counsel (Michael J. Kilcommons* of counsel), for respondents.

EDER, J. Proceeding under article 78 of the Civil Practice Act.

Petitioner is employed by the department of public welfare as an office appliance operator and supervisor of tabulating machinery.

The petitioner's hours of employment, as fixed by section B40–12.0 of the Administrative Code of the City of New York, are from 9:00 A.M. to 5:00 P.M. It contains no provision prohibiting overtime work or compelling an employee to work overtime.

On March 15, 1948, petitioner was told to remain after 5:00 P.M. in order to send out checks to persons on relief. He declined to do so because, as he alleges, he is a law student atending evening classes and hence would not stay in after 5:00 P.M. as requested.

The immediate consequence of such refusal by petitioner was his suspension without pay for three days from April 19 through April 21, 1948. A further consequence of such refusal was its effect on his civil service rating for the period from April 1, 1947, to March 31, 1948: the civil service commission assigned him a rating of ¾% instead of the standard rating of 1% for this period.

Petitioner seeks an order annulling and vacating the determination of the commission made on November 15, 1949, which assigned a rating of plus ¾% to him for the rating period ending March 31, 1948, and similarly annulling and vacating the determination by respondent Commissioner Hilliard in that respect, and that the commission be directed to revise and correct its records in respect of such assignment and rating.

I am of the opinion that the petitioner is entitled to the relief sought.

The petitioner claims that under the provisions of section 220 of the Labor Law he is only required to work eight hours a day, except in cases of extraordinary emergency, and that no emergency existed on March 15, 1948, at 5:00 P.M., the request to work overtime involving merely the mailing of checks to relief recipients, which is a regular ordinary routine duty of petitioner.

Section 220 of the Labor Law is inapplicable to the proceeding at bar; that provision relates to laborers and does not include the position or office which the petitioner holds. The applicable

provision here is section B40–12.0 of the Administrative Code, fixing an eight-hour working day in city departments.

As the mentioned provision fixes the working day from 9:00 A.M. to 5:00 P.M., petitioner was under no obligation or legal duty to remain and work after 5:00 P.M., and was within his legal rights in refusing to accede to the request to remain after five o'clock and no disciplinary action could be legally taken against him for such refusal nor could he be legally penalized in any manner in consequence of such declination.

Whether he could refuse to work overtime in the event an emergency arose is a question which need not be determined now. Suffice it to say, no emergency was involved here.

The application is granted and the determination is annulled and vacated. Settle order.