Irving H. Saypol, J.
Plaintiff moves for a temporary injunction and defendant cross-moves for dismissal of the complaint for legal insufficiency. Plaintiff has been in possession of the sixth floor of the subject premises since March 1, 1944, and of the fourth floor since September 28, 1949, under leases with the predecessor owner, which have expired, and under a lease with the defendant owner, dated February 1, 1958, which has also expired.
By those leases plaintiff was permitted the use of elevators between the hours of 8:00 a.m. and 6:00 p.m. on week days and 8:00 a.m. and 1:00 p.m. on Saturdays. Defendant became the owner of the premises in the month of June, 1957. However, as claimed by the plaintiff, it did use the elevators at all times prior to 8:00 a.m. and after 6:00 p.m on week days and after 1:00 p.m. on Saturdays, paying the salary of the operator for the period of any extended use.
There was a conversion to automatic operation in March, 1958. Upon expiration of the lease, on February 1, 1960, power has been cut off and the elevator doors have been locked, thus disabling the plaintiff from using the elevators during the extended periods in accordance with the practice obtaining since 1944.
Defendant does not undertake to dispute that the elevators have been used by the plaintiff in the manner claimed and that during the time of manual operation the salary of the operator for the extended periods of use was paid by the plaintiff.
Despite the provisions of the lease relied on by the defendant, including the provision for nonwaiver, clear legal right to temporary injunctive relief has been established. (Brandwein v. Croydon Furniture, N. Y. L. J., April 26, 1956, p. 7, col. 6, Steuer, J., affd. 2 A D 2d 969.) A statutory tenant may have injunctive relief for diminution of services (Commercial Bent Law, § 7; L. 1945, ch. 3, as amd.).
*189 Upon this application, the balance of convenience is clearly in favor of the plaintiff, particularly in the light of the undisputed fact that the defendant has advertised the availability of an entire floor in the subject premises with 24-hour elevator service.
The motion is granted.
Bond is fixed in the sum of $1,000. Settle order which may provide for an early trial.