OPINION OF THE COURT
E. Leo Milonas, J.
The defendant was indicted on December 29, 1977 for possession of a weapon in the third degree, in violation of section 265.02 of the Penal Law. He now moves to dismiss the charge against him on the ground that, as a Federal correction officer, he is exempt from prosecution under section 265.20 (subd a, par 1, cl [a]) of the Penal Law. According to that provision, section 265.02, among others, does not apply to a peace officer, which, pursuant to CPL 1.20 (subd 33), includes: "(h) An attendant, or an official, or guard of any state prison or of any penal correctional institution”.
The issue of whether a Federal correction officer qualifies as a peace officer for purposes of the weapons law seems to be one of first impression. In the view of the court, however, the *368 phrasing of paragraph (h) encompasses persons who work for any penal correctional facility, not merely one under State jurisdiction. The word "state” apparently modifies only "prison” and not the term "any penal correctional institution”, as well. At any rate, whenever there is a statute as ambiguously drawn as the one involved here, this court is not inclined to choose an interpretation that will operate to the. detriment of the defendant. Whatever reasons exist for excluding State correction officers from the operation of such provisions as section 265.02 of the Penal Law are certainly no less applicable to individuals employed by Federal institutions. Moreover, since the exemption statute specifically makes reference to certain categories of people in the service of the United States Government, it cannot be argued that section 265.02 of the Penal Law is intended to be limited to State personnel.
Certainly, if the defendant were to abuse his privilege to possess a weapon, he would be chargeable with any offense he may have committed. For the possession itself, he bears no liability. Consequently, the defendant’s motion to dismiss is granted.