**PARIS et al. v. METROPOLITAN LIFE INS. CO. et al.**

Civ. No. 29-263.

United States District Court, S. D. New York.

May 7, 1947.

See also 167 F.2d 834; 94 F.Supp. 356.

Judd & Gurfein, New York City, for petitioners, Boudin, Cohn & Glickstein, New York City.

RIFKIND, District Judge.

Petitioners are attorneys for the plaintiffs in this action which is a class suit wherein a decision has been rendered after trial before Judge Mandelbaum awarding judgment in favor of the plaintiffs and establishing the rights of the class they represent. By this petition they seek to have the court award them counsel fees out of the fund which they claim to have created. A brief statement of the facts is necessary to frame the questions which arise in the consideration of the petition.

Prior to September 18, 1942, petitioners performed legal services in behalf of a union representing the Industrial Insurance Agents employed by the defendant. Those services resulted in the decision of Metropolitan Life Insurance Co. v. New York State Labor Relations Board, 1939, 280 N.Y. 194, 20 N.E.2d 390, which upheld the constitutionality of the New York State Labor Relations Act and the application of the Act to industrial insurance agents. It also established the power of the State Labor Relations Board to determine the collective bargaining unit for that group of employees. In June, 1942, the union (Industrial Insurance Agents Union) was certified as the collective bargaining agent. This application is not concerned with counsel fees for the services just recited.

The present application is for services rendered on and after September 18th, 1942. These may be divided in two groups. In the first group belong those services of the petitioners which were addressed to the efforts to effect a settlement of a controversy between the union and the defendant through the United States Conciliation Service, the certification of the dispute to the National War Labor Board, the hearings before the Regional War Labor Board for the Second Region and the appeal from the decision of the Regional War Labor Board to the National War Labor Board. These services resulted in an order awarding the industrial insurance agents employed by Metropolitan an increase in compensation of $2.85 a week, retroactive to the date of the certification of the dispute to the War Labor Board. Since Metropolitan contended that it was beyond its legal power to comply with the retroactive provisions of the order of the War Labor Board because compliance would violate §§ 213, subd. 7, and 213-a, subd. 5, of the New York Insurance Law, McK. Consol.Laws, c. 28, agreement was reached between the union and the defendant for the deposit of the amounts payable for retroactive wages with an escrow agent. The amount so deposited amounted to $1,004,000, less amounts withheld for taxes and social security contributions, resulting in a net fund in the hands of the escrow agent of $792,318.19.

In the second group belong services performed by petitioners in connection with the litigation of the present action in this court. That action was in the nature of a class suit on behalf of the plaintiffs and other industrial insurance agents similarly situated for a determination of their rights in the fund.

The petition leaves little room for doubt that the services rendered were extensive in amount, high in quality and highly successful. Under well established precedents there can be no question that they are entitled to compensation for services included in the second group. Since no one appeared in opposition to the application, the court on its own motion raised the question concerning the power of the court to award compensation to petitioners for services embraced within the first group.

It is well established that where a litigant at his own expense has been successful in creating, preserving, protecting or increasing a fund in which others have a right to share, the court having control of that fund may order the payment of counsel fees or costs "as between solicitor and client" out of the fund upon the petition of the litigant or of his attorneys; or the court may make the right of others to share in the fund conditional upon their contributing proportionately to the expenses of the litigation. U. S. v. Equitable Trust Co., 1931, 283 U.S. 738, 744, 51 S. Ct. 639, 75 L.Ed. 1379; Central Railroad & Banking Co. v. Pettus, 1885, 113 U.S. 116, 123, 5 S.Ct. 387, 28 L.Ed. 915; Commissioner of Insurance v. Massachusetts Accident Co., 1945, 318 Mass. 238, 61 N.E. 2d 137, 139.

The most recent expression of the United States Supreme Court is Sprague v. Ticonic National Bank, 1939, 307 U.S. 161, 164, 59 S.Ct. 777, 83 L.Ed. 1184.

In class suits, claims by attorneys have been allowed against the class. Two theories have been advanced for the practice which the courts have evolved. One is that the complainant member of a class is regarded as the representative of all, authorized to contract for all and to incur the expense of litigation. The second is derived from the theory of quasi contracts that property which has been secured by the services of an attorney should bear the burden of the expense of his services so that each member of the class benefited by the litigation contributes his due proportion of the expense incurred. Central Railroad & Banking Co. v. Pettus, supra, 113 U.S. 125–127, 5 S.Ct. 387; Trustees v. Greenough, 1881, 105 U.S. 527, 532, 26 L. Ed. 1157; Lamar v. Hall and Wimberly, 5 Cir., 1904, 129 F. 79, 82; Hornstein, The Counsel Fee in Stockholder's Derivative Suits, 1939, 39 Columbia Law Review, 784, 789; Lea v. Paterson Savings Institution, 5 Cir., 1944, 142 F.2d 932, 934; Bedford v. Citizens & Southern National Bank, 1943, 203 S.C. 507, 28 S.E.2d 405, 407;

Buell v. Kanawha Lumber Corp., D.C.E.D. S.C.1912, 201 F. 762, 768.

That the equitable principle underlying such awards by the courts is still expanding is well illustrated by Sprague v. Ticonic National Bank, supra. In that case it was held that when a litigant in the district court, through the prosecution of a suit in his own behalf and at his own expense, had established a lien on earmarked funds in an insolvent bank for the repayment in full of a sum theretofore deposited by him in trust, and, by doing so, has incidentally through the application of the principle of *stare decisis,* established like rights for other depositors, not parties to the suit but similarly situated, it is within the power of a court of equity to award to the successful litigant an allowance for counsel fees and litigation expenses to be paid out of the earmarked funds available to him and the others similarly situated. The court said 307 U.S. at page 166, 59 S.Ct. at page 780: "That the party in a situation like the present neither purported to sue for a class nor formally established by litigation a fund available to the class, does not seem to be a differentiating factor so far as it affects the source of the recognized power of equity to grant reimbursements of the kind for which the petitioner in this case appealed to the chancellor's discretion. * * * Whether one professes to sue representatively or formally makes a fund available for others may, of course, be a relevant circumstance in making the fund liable for his costs in producing it. But when such a fund is for all practical purposes created for the benefit of others, the formalities of the litigation—the absence of an avowed class suit or the creation of a fund, as it were, through *stare decisis* rather than through a decree—hardly touch the power of equity in doing justice as between a party and the beneficiaries of his litigation. As in much else that pertains to equitable jurisdiction, individualization in the exercise of a discretionary power will alone retain equity as a living system and save it from sterility."

The petitioner's application certainly does not fall beyond the very broad boundaries indicated by the Supreme Court

in the cited case. A fund has been created through the efforts of the petitioners. The benefits will be shared among the members of a class. The fund is within the reach of the court so that it can do justice among the creators of the fund and those who will share therein.

Two questions remain for somewhat more detailed exploration.

1. In the performance of the first group of services the petitioners' client was the union; in the performance of the second group their clients were the named plaintiffs in the instant action. May the court in this action redistribute the litigation expense of one not a party to the proceedings in which the court is called upon to act? It is easier to find an answer in the facts than in the law. The true situation is that, regardless of the nominal difference in the identity of the clients, there is no distinction in fact. The union was a collective bargaining agent of the affected employees. For procedural convenience the instant action was brought as a class suit in the name of individual employees. The truly interested parties, both in the administrative proceedings and in the judicial proceedings, were the same. By grasping the reality in preference to the appearance we bypass the legal problem that would otherwise confront us.

2. I have found no precedent in the reported cases of an application by attorneys of a union for compensation out of a wage increase won by the union for the benefit of a group of employees. The lack of a precedent is not surprising. Generally, such wage increases are won by procedures remote from the judicial process. Nevertheless, the question is presented whether the long history of union activity financed by means other than a judicially imposed tax upon the benefits received, rebuts the implication upon which the award of counsel fees out of a created fund is said to rest. The beneficiaries of the fund in the case at bar probably had no reason to expect that their shares would be charged with a proportion of the expense incurred in creating the fund. Relying on experience, they might well have supposed that the expense of the proceedings would be met by the

union out of funds raised by the union in the traditional manner. However, there is a short answer to this argument. When a chancellor for the very first time awarded counsel fees in a class or representative suit, he undoubtedly similarly disappointed the expectations of those who took no account of the development of law. Since it is fair that those who benefited from the efforts of the petitioners should share in the burden, the mere fact that in the past similarly situated beneficiaries escaped, is not a valid reason for making that immunity eternal.

I appraise the value of the services rendered at $150,000. Since petitioners have expressed the desire that employees who have already assigned 25% of their shares to the union shall not be further burdened, the order will provide that the share of each non-assigning employee shall be charged with that proportion of the amount herein awarded which $150,000 bears to the total fund created.

Settle order.