**PARIS et al. v. METROPOLITAN LIFE INS. CO. et al.**

**No. 215, Docket 20922.**

Circuit Court of Appeals, Second Circuit.

May 10, 1948.

Proskauer, Rose, Goetz & Mendelsohn, of New York City (Burton A. Zorn, Eugene Eisenmann, and Phillip W. Haberman, Jr., all of New York City, and Howard Lichtenstein, of Washington, D. C., of counsel), for defendants-appellants.

Boudin, Cohn & Glickstein, of New York City (Louis B. Boudin, Murray I. Gurfein, and Sidney E. Cohn, all of New York City, and Daniel W. Meyer, of Washington, D. C., of counsel), for plaintiffs-appellees.

Nathaniel L. Goldstein, Atty. Gen. of New York, for Robert E. Dineen, Superintendent of Insurance of New York, of Syracuse, N. Y., amicus curiæ.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiffs are individual insurance agents employed by the defendant Metropolitan, a New York corporation. These agents are suing in their own behalf and for other agents similarly situated to obtain a declaratory judgment awarding to them a fund of $792,318.12 deposited by Metropolitan in Manufacturers Trust Company to the credit of the defendants North, Nicholas and Berney as escrowees. The plaintiffs were chosen by two agents' unions to represent a large number of individual claimants. They seek to obtain an award of the fund under a so-called directive order of the War Labor Board which granted an increased rate of pay and attempted to make it retroactive to the dates of certification to that Board by the Secretary of Labor of various disputes between Metropolitan and the bargaining agents.

The insurance agents were employed by Metropolitan in New York, New Jersey, Pennsylvania, Michigan, Massachusetts, Connecticut, and Illinois, were engaged in soliciting both life and industrial insurance, and had selected the United Office and Professional Workers of America with its affiliated local unions as their agents to secure for them higher compensation and other advantages. Conciliation efforts to settle disputes with Metropolitan in these States having failed, the cases were certified to the National War Labor Board by the Secretary of Labor, and were ulti-

mately consolidated by order of the Board. During the proceedings before the Board, the question of retroactive pay arose, and Metropolitan took the position that it would be unable to comply with any decision of the Board which might award retroactive increased pay, because of the provisions of Sections 213(7) and 213-a(5) of the New York Insurance Law, Consol.Laws, c. 28. On July 19, 1944, while the case was pending before the Board and in anticipation of a decision granting retroactive pay, the Union and Metropolitan entered into a stipulation which is set forth in the margin.[1] In general it provided that Metropolitan would deposit in escrow whatever amount of money might be ordered by the Board as retroactive pay in these disputes subject to a determination by a court of competent jurisdiction of the controversy with respect to Metropolitan's ability to pay such an award in view of the provisions of the New York Insurance Law. The Union agreed not to apply to any governmental authority for enforcement of the Board's order. On September 18, 1944, the War Labor Board made a decision awarding increased pay in the sum of $2.85 per week, retroactive to the date of certifications of the disputes to the Board, and the necessary amount was deposited in escrow by Metropolitan.

In the case at bar the District Court held that Sections 213(7) and 213-a(5) of the State Insurance Law did not forbid the retroactive payments ordered by the War Labor Board, and that even if those provisions be interpreted as prohibiting these payments ordered by the Board under the federal War Labor Disputes Act its order superseded the State enactments and rendered them inoperative. Accordingly a decree for plaintiffs was directed by the District Court.

In the circumstances disclosed we are not disposed to discuss either the issue of the proper interpretation of the State Act or

---

[1] Stipulation Between United Office and Professional Workers of America, C.I.O. and Metropolitan Life Insurance Company with Respect to Disputes Pending Before National War Labor Board.

1. The parties agree to enter into written collective bargaining agreements with respect to compensation covering all of the agents involved in the various disputes,—the agreements to be as of the date of the Board's order, and to provide for compensation in accordance with the provisions of the order.

2. If the directive order of the Board awards increased compensation, and if it awards such increased compensation retroactively, that is, prior to the effective date of the agreement provided for in paragraph 1, then Metropolitan agrees to deposit under the terms of the attached Escrow Agreement with Leon W. Berney of the United Office and Professional Workers of America, Cecil J. North of the Metropolitan Life Insurance Company and E. J. Nicholas of the Manufacturers Trust Company, as Escrowees, the amount of such retroactive increased compensation for all of the agents involved in the disputes for the respective periods for which they were involved, that is, from the respective dates as of which retroactive increased compensation was awarded in the several disputes, to the effective date of the agreement provided for in paragraph 1, to be held by the Escrowees pending the final determination of an action to be instituted in a court of competent jurisdiction of the question whether the provisions of Sections 213 and 213-a of the New York State Insurance Law constitute a bar to the payment by the Metropolitan to its agents of retroactive increased compensation.

3. Metropolitan will not question the power of the Board to make the order, nor that it is a final order of the Board, nor will it question the determination of the amount of the compensation involved, but it will question only its ability to make retroactive payment, in view of the provisions of Sections 213 and 213-a of the New York State Insurance Law.

4. The Union agrees in consideration of Metropolitan's agreements contained in paragraphs 2 and 3, and the attached Escrow Agreement, not to apply to any governmental authority for the enforcement of the Board's order.

5. The Union shall have the initiative to choose the form of action or proceeding and the forum to test the legal question involved; but if the Union shall fail to bring such action or cause such action to be brought within ninety days after the date of the Board's order, the Metropolitan may institute such suit or proceeding.

6. Both parties will abide the final determination by the Courts with respect to the issue submitted to the Court.

the merits of the somewhat delicate questions of possible conflict between United States and State laws which might be involved in the litigation. There is not only the disputed question as to the scope of Sections 213(7) and 213-a(5) of the State Insurance Law,[2] but there is the further issue whether, if these sections be interpreted as prohibiting the retroactive payments, they would transgress the order of the War Labor Board claimed by the plaintiffs to be controlling as made in the exercise of the war powers of the federal government or alternately federal powers exercised under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq.

If we should hold the payments permitted under a proper interpretation of the State Insurance Law we would not bind the State which is not a party to the present suit but has filed a brief by its Attorney General as amicus curiæ arguing that the New York Insurance Law prohibits the retroactive payments. Thus if we held these payments valid we would leave Metropolitan subject to criminal penalties which the State might impose under Section 5 of that law[3] for violation of its provisions, if the State Court did not accept our views. On the other hand, if we should hold the payments forbidden by the terms of the State Act, it would then be necessary to determine the validity of those provisions within the respective areas of federal and state powers existing under the Constitution.

If we should pass upon the question of statutory construction now, in the absence of any authoritative interpretation by the State, our decision might embarrass the State authorities in exercising important functions in regulating insurance. On the other hand, a decision by the State Court as to the meaning of the statute will be binding upon the parties and may obviate any necessity of determining constitutional questions which are present. In view of the above considerations the judgment of the District Court awarding the fund deposited in the Manufacturers Trust Company to the plaintiffs should be reversed and the cause remanded to that court with directions to retain the bill pending the determination of proceedings to be brought with reasonable promptness in the New York Supreme Court in conformity with this opinion.

This appeal should receive the above disposition under the doctrine enunciated by the Supreme Court in Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971; Chicago v. Fieldcrest Dairies, 316 U.S. 168, 62 S.Ct. 986, 86 L.Ed. 1355; Spector Motor Co. v. McLaughlin, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101; A. F. of L. v. Watson, 327 U.S. 582, 66 S.Ct. 761, 90 L.Ed. 873. The situation disclosed in the case at bar is one where the State Court should be allowed to construe its own law because only its decision can be regarded as definitely authoritative and also because such a determina-

---

[2] Section 213(7) relating to ordinary life insurance provides:

"No such company, and no person, firm or corporation on its behalf or under any agreement with it, shall pay or allow to any agent, broker or other person, firm or corporation for procuring an application for a life insurance policy, for collecting any premium thereon or for any other service performed in connection therewith any compensation greater than that which has been determined by agreement made in advance of the payment of the premium, except that, if supervision over any outstanding life insurance by a local salaried representative of such company is discontinued, a premium collection or policy service fee may thereafter be paid on renewal premiums not exceeding two per cent of the renewal premiums actually collected on such insurance."

Section 213-a (5) relating to industrial life insurance provides:

"No such company, and no person, firm or corporation, on its behalf or under any agreement with it, shall pay or allow to any agent, broker, employee or other person, for services in procuring an application for industrial life insurance, for collecting any premium thereon or for any other service performed in connection therewith, any compensation greater than that which has been determined by agreement made in advance of the rendering of such service."

[3] § 5. Penalties

"Every violation of any provision of this chapter shall, unless the same constitutes a felony, be a misdemeanor. Every penalty imposed by this section shall be in addition to any penalty or forfeiture otherwise provided by law."

tion by the State Court might render it unnecessary to pass upon the constitutional question we have discussed. These were reasons given in the decisions in the Supreme Court in the above cases. We do not violate the admonition in Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9, that "the difficulties of ascertaining what the state courts may hereafter determine the state law to be do not in themselves afford a sufficient ground for a federal court to decline to exercise its jurisdiction to decide a case which is properly brought to it for decision." We think the absence of the State as a party here does not render the above authority inapplicable since there exists not only the risk which Metropolitan would undergo of criminal prosecution but the contention of the Attorney General in his brief as amicus curiæ that the payments to plaintiffs are forbidden by the terms of the New York Insurance Law.

The judgment is reversed and the case is remanded to the District Court with directions to proceed in accordance with the views set forth in this opinion.