## PARIS et al. v. METROPOLITAN LIFE INS. CO. et al.

United States District Court
S. D. New York.
Nov. 27, 1950.

---

Goldwater & Flynn, New York City, Monroe Goldwater, New York City, for petitioners, Boudin, Cohn & Glickstein, New York City, for plaintiffs in this action.

Proskauer, Rose, Goetz & Mendelsohn, New York City, Burton A. Zorn, New York City, for defendants Metropolitan Life Ins. Co., Cecil J. North and E. J. Nicholas.

McGOHEY, District Judge.

Petitioners Boudin, Cohn and Glickstein, attorneys for successful plaintiffs in this class action, apply here for allowance of additional counsel fees.

Plaintiffs were life insurance agents employed by Metropolitan which, in 1944, was directed by the National War Labor Board to pay them a retroactive increase in compensation amounting to $1,000,163.50. Metropolitan objected to the direction on the ground that payment would violate §§ 213, subd. 7, and 213-a, subd. 5, of the New York Insurance Law, McK.Consol. Laws, c. 28. It did, however, agree to deposit in escrow a fund to cover the retroactive increase to abide the determination by a court of competent jurisdiction of the rights therein. Accordingly, Metropolitan deposited $792,318.19 which represents the gross fund less amounts withheld on account of social security and income taxes.

This action was commenced on January 6, 1945, and on June 12, 1946, S.D.N.Y., 68 F.Supp. 64, Judge Mandelbaum held that plaintiffs were entitled to the escrow fund. Petitioners then requested an allowance for counsel fees and were awarded $150,-000 by Judge Rifkind, S.D.N.Y., 94 F.Supp. 792, for services performed up to and including the date of the decision by Judge Mandelbaum.

The present petition is for an allowance of $225,000 for services performed thereafter by petitioners and the firm of Judd and Gurfein, Esqs., which participated on a contingent basis. The services were performed in the following proceedings.

Metropolitan appealed from Judge Mandelbaum's decision. The Court of Appeals 2 Cir., 167 F.2d 834, reversed and remanded with direction that the District Court retain jurisdiction pending a construction by

the New York courts of §§ 213 and 213-a. Plaintiffs' petition for rehearing in the Court of Appeals was denied as was their subsequent petition to the United States Supreme Court, 335 U.S. 827, 69 S.Ct. 53, 93 L.Ed. 381, for a writ of certiorari.

Then plaintiffs and Metropolitan each instituted a New York action in order to obtain the necessary construction. The actions were different in form, and upon motions and cross motions the New York court stayed plaintiffs' action pending determination of Metropolitan's action for a declaratory judgment.

Plaintiffs prevailed throughout the New York litigation which consisted of a trial and Metropolitan's appeals to the Appellate Division, Metropolitan Life Ins. Co. v. Durkin, 276 App.Div. 394, 94 N.Y.S.2d 865, and the New York Court of Appeals, Id., 301 N.Y. 376, 93 N.E.2d 897. They are now entitled to judgment herein directing a distribution of the fund, and this is conceded by Metropolitan.

 Determination of a counsel fee in a matter of this kind involves consideration of a variety of factors more or less intangible and incapable of precise evaluation. The fact that petitioners' compensation was contingent upon recovery must be taken into account. Inspection of the briefs and memoranda submitted by petitioners to the various courts convinces me that a great amount of time and effort was necessarily expended in order to meet and solve the many novel and complicated problems involved in this litigation. An important factor is the high standing and reputation for excellence of petitioners and their associate counsel. Also to be considered is the excellent work and standing of opposing counsel.

Judge Rifkind held petitioners entitled to $150,000 for their services prior to and through the trial before Judge Mandelbaum. The additional services rendered thereafter are clearly worth substantially more than that sum. Four lawyers of wide experience, whose judgment the court respects, have submitted affidavits supporting the petitioners' evaluation of their services.

Upon consideration of all these factors, I appraise the value of petitioners' additional services at $225,000.

 Certain employees assigned to their union 25% of their shares, and petitioners have agreed to reduce their total fee in order to obviate any double burden upon those employees. Accordingly, Judge Rifkind's order provided for contribution to the counsel fee only by the non-assigning employees. Each employee's contribution to the amount herein awarded shall be determined by charging his share of the total fund with that proportion of it which $225,000 bears to the total fund. In computing the amount to be contributed to this award by the assigning employees they shall be given credit for the 25% heretofore assigned to their union.

 The affidavit submitted on behalf of defendants indicates that there may be a serious question with regard to the payment of the assigned sums because the assignee union is no longer in existence, and there are two rival union claimants. Solution of that problem depends on facts which are not before me on this petition and so I do not attempt to deal with it.

Settle order.