Philip PARIS, Miles A. Rogers, Herman Meyrich, Joseph H. Levy, Harry Schechter and Nathan Rosenbaum, suing on behalf of themselves and all others similarly situated who may come in and contribute to the expenses of this suit, Plaintiffs, v. METROPOLITAN LIFE INS. CO., Leon W. Berney, Cecil J. North and E. J. Nicholas, Defendants.

United States District Court
S. D. New York.
Jan. 31, 1951.

Goldwater & Flynn, New York City, for petitioners Boudin, Cohn & Glickstein, attorneys for plaintiffs in this action, by Monroe Goldwater, New York City.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for Metropolitan Life Ins. Co., Cecil J. North and E. J. Nicholas, by Eugene Eisenmann, New York City.

Robert B. Seidman and I. Philip Sipser, New York City, for intervenors Sally Cartwright and English Strunsky, by Robert B. Seidman, New York City.

Neuburger, Shapiro, Rabinowitz & Boudin, New York City, for Distributive, Processing & Office Workers of America and U.O.P.W.A., by Leonard B. Boudin, New York City.

Herman E. Cooper, New York City, for Harry Dechtenberg, Michael Wagner and William Aisenberg, for themselves and on behalf of all others similarly situated.

McGOHEY, District Judge.

The basic determination of my opinion of November 27, 1950, S.D.N.Y., 94 F.Supp. 356, and the order of December 13, 1950, entered thereon, was the allowance of an additional counsel fee of $225,000 to the firm of Boudin, Cohn and Glickstein. It was recognized therein that the firm agreed to reduce that fee by the amount assigned by certain employees "in order to obviate any double burden upon those employees." Consequently, the order provided that if the assignments were not effective—if, in fact, there was no double burden—the firm would receive its full fee.

In form the motion here seeks to set aside the assignments. In substance, however, it is an attempt to reduce the counsel fee allowed. The movants—three assigning employees—can benefit from an invalidation of the assignments only if the funds involved are not then paid over to Boudin, Cohn and Glickstein. Hence, they desire a reduction of the fee. They have brought nothing to my attention which would warrant such reduction and I reaffirm my determination that the fee as fixed is reasonable and proper. Consequently, they can derive no benefit from a determination that the assignments are invalid or inoperative and there is therefore no need for me to decide that issue.

Motion denied. Settle order.