GEORGE LUTZ, Respondent, v. FRANK S. HOUCK et al., Constituting the NEW YORK STATE BOARD OF PHARMACY, Appellants.

(Argued November 21, 1933; decided November 28, 1933.)

*John J. Bennett, Jr.,* Attorney-General (*Henry Epstein* and *Harold Greenstein* of counsel), for appellants. Section 1354 of the Education Law is a valid and constitutional exercise of the police power of the State. (*State Board of Pharmacy* v. *Matthews,* 197 N. Y. 353; *People* v. *Roemer,* 168 App. Div. 377; *State* v. *Donaldson,* 41 Minn. 74; *Green* v. *State,* 49 Tex. Crim. Rep. 380; *State* v. *Evans,* 130 Wis. 381; *People ex rel. Lieberman* v. *Van De Carr,* 199 U. S. 552; *Beer Co.* v. *Massachusetts,* 97 U. S. 25; *New Orleans Gas Co.* v. *Louisiana Light Co.,* 115 U. S. 650; *People* v. *Havnor,* 1 App. Div. 459.)

*Maxwell M. Wallach* for respondent. Sections 1354 and 1362 of the Education Law are unjustly discriminatory,

unconstitutional and void. (*Pratter* v. *Lascoff*, 261 N. Y. 509; *Liggett Co.* v. *Baldridge*, 278 U. S. 105.)

POUND, Ch. J. Plaintiff is a licensed druggist, not a licensed pharmacist. He seeks and has obtained a declaratory judgment adjudging that he is entitled as a licensed druggist to work independently in a pharmacy in the State of New York, notwithstanding the provisions of paragraph 4 of section 1354 of the Education Law (Cons. Laws, ch. 16), which reads as follows:

" Drug stores. It shall be lawful for a druggist in conformity with the rules to take, use, and exhibit the titles druggist and registered drug store, and to have charge of, engage in, conduct or carry on for himself or for another the dispensing, compounding or retailing of drugs, chemicals, medicines, prescriptions or poisons anywhere within the state, *in a place of not more than one thousand inhabitants*, but he shall have charge of not more than one drug store at the same time. He may be employed for the purpose of dispensing or retailing drugs, chemicals, medicines, prescriptions and poisons in a registered pharmacy under the management and personal supervision of a licensed pharmacist; he may also perform such duties during the temporary absence of the pharmacist, except in cities of more than one million inhabitants."

The Education Law (Cons. Laws, ch. 16, § 1353) provides separately for the licensing of pharmacists and for the licensing of druggists. No question is raised as to the power of the Legislature reasonably to regulate the sale of drugs or the practice of pharmacy. (*State Board of Pharmacy* v. *Matthews*, 197 N. Y. 353; *Liggett Co.* v. *Baldridge*, 278 U. S. 105, 112.)

Paragraph 4 (*supra*) permits a licensed druggist to carry on the calling of a pharmacist independently " in a place of not more than one thousand inhabitants." This, it has been held, is an unreasonable regulation because it permits druggists to carry on the business of pharmacists independently in places of less than one thousand inhabitants but not elsewhere within the

State. This restriction, it is said, is an arbitrary distinction, unwarranted by reason and not demanded by any necessity. But the Legislature, dealing with the question practically, having in view the convenience of the public, may permit a druggist to carry on the business of pharmacist in a small place while it extends special protection to the larger centers of population where such protection is most needed. Such a distinction is not unreasonable. (*State Board of Pharmacy* v. *Matthews, supra.*)

The limitations of paragraph 4 further restrict the licensed druggist. In cities of more than a million inhabitants he may not be employed for the purpose of dispensing or retailing drugs, chemicals, medicines, prescriptions and poisons in a registered pharmacy, even under the management and personal supervision of a licensed pharmacist. Such a distinction is not unreasonable. It applies to all persons as a class under the same conditions and environments. (*People* v. *Havnor*, 149 N. Y. 195, 205; *State* v. *Evans*, 130 Wis. 381.)

A great distinction exists between the qualifications required of a licensed pharmacist and those required of a licensed druggist. (Education Law, § 1353.) Pharmacy is a professional calling. Pharmacology is the science that treats of drugs and medicines; their nature, preparation, administration and effect. (Education Law, § 1350, subd. 11.) Keeping a drug store is a trade or business in which medicines and other articles are sold. Druggists who have had experience in a drug store or pharmacy may sell drugs but a pharmacist must undergo an arduous course of preparation, not unlike in length and thoroughness that of the physician or lawyer. The Legislature has ample power to regulate the calling of druggists and pharmacists by saying what acts in various parts of the State, grouped according to population, should be prohibited so as effectively to accomplish the purpose of such regulation, and by giving special advantages to the highly trained man when, in its wisdom, it

deems it practicable to do so. The regulations in question are not to be condemned as unreasonable and unnecessary restrictions, arbitrarily interfering with private business under the pretext of protecting the public.

The courts below appear to have been led by the case of *Pratter* v. *Lascoff* (261 N. Y. 509; petition for certiorari denied, 289 U. S. 754), decided on the authority of *Liggett Co.* v. *Baldridge* (*supra*), to reach an opposite conclusion. It was there held that the mere ownership of a drug store can have no real or substantial relation to the public health which would justify the Legislature in limiting the ownership of such stores to licensed pharmacists. The question there decided is not the question presented here.

The judgment so far as appealed from should be reversed and the complaint as to paragraph 4 of section 1354 of the Education Law dismissed, without costs.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment accordingly.