In the Matter of the Application of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, Appellant, for an Order against ALFRED TIMEN, Doing Business under the Trade Name and Style of BARBIZON PLAZA PHARMACY, Respondent, and DRUG STORE EMPLOYEES UNION, LOCAL 1185, R. C. I. P. A., A. F. of L., Intervenor, Respondent.

First Department, May 8, 1942.

*William E. Grady, Jr.,* of counsel [*Louis A. Crisano* with him on the brief; *Daniel Kornblum,* attorney], for the appellant.

*Sol. A. Herzog,* for the respondent.

*Henry Schuman* of counsel [*Leon Reich* with him on the brief; *Liebowitz & Schuman,* attorneys], for the intervenor, respondent.

TOWNLEY, J. In this proceeding petitioner, New York State Labor Relations Board, sought enforcement of an order of the said Board. This order directed the respondent to offer reinstatement to certain of its employees, to pay them the wages which they had lost, to cease refusing to bargain with the C. I. O. local union and to cease giving effect to a closed-shop contract with the American Federation of Labor local union.

The Board's order was issued on October 16, 1940, and this application for an enforcement order was not made until April, 1941. The Board's motion was not finally heard until September 25, 1941. The Board's delay in making its application for an enforcement order is said to have been occasioned by respondent's assurance that he intended to adjust his differences with his employees. Numerous adjournments of the motion were had at the request of either the respondent Timen or the American Federation of Labor local union which was permitted to intervene in the proceeding after it had been pending for several months.

Two days before the final hearing on petitioner's application, the respondent made a cross-motion for leave to adduce evidence concerning an alleged change in conditions and an offer on his part to reinstate certain of the employees involved. The events set forth in the papers upon this application occurred subsequent not only to the order of the Board on October 16, 1940, but also to the Board's application for the enforcement of its order. The court below denied the motion for an enforcement order and granted the respondent's cross-motion directing the Board to take such additional evidence as might be necessary in the matter.

The denial of the application to enforce the Board's order was not based upon the ground that its findings were unsupported by evidence or that the order was improper when made for any

other reason. The court's decision turned mainly upon the delay which had occurred during the pendency of the enforcement proceeding and the change in conditions referred to in the moving affidavits.

The provisions of the Labor Law involved are substantially similar to the Federal National Labor Relations Act and in the interpretation of the State act, therefore, the Federal precedents are entitled to great weight. Under section 707 of the Labor Law, on an application by the Board for an enforcement order or by an employer for a review of its order, the only questions before the court are: (1) Are the Board's findings supported by substantial evidence? and (2) Was the Board's order proper when made?

The Federal courts in construing the National Labor Relations Act have consistently refused to recognize any change in circumstances after an order is made as either affecting the validity of the Board's order or justifying reopening of the proceeding. In *Labor Board* v. *Greyhound Lines* (303 U. S. 261, 271) Justice STONE said: " Respondents suggest that the case has become moot. * * * But an order of the character made by the Board, lawful when made, does not become moot because it is obeyed or because changing circumstances indicate that the need for it may be less than when made."

In *National Labor Relations Board* v. *Condenser Corp.* (128 F. [2d] 67, 81) the court said: " The legal situation has to be viewed as of the time of the Board's decision; otherwise there is the danger, often spoken of, of making a merry-go-around of the Act." (See, also, *National Labor Relations Board* v. *Oregon Worsted Co.*, 96 F. [2d] 193; *National Labor Relations Board* v. *Stackpole Carbon Co.*, 105 id. 167; certiorari denied, 308 U. S. 605; *National Labor Relations Board* v. *Highland Park Mfg. Co.*, 110 F. [2d] 632, 640; and *National Labor Relations Board* v. *Lorillard Co.*, 314 U. S. 512.) It was said in the *Oregon Worsted Co.* case (*supra*), concerning evidence of later facts, that such " evidence sought to be adduced is immaterial * * *." Again, in the *Stackpole Carbon Co.* case (*supra*), the court said of such events: " Indeed they relate to events alleged to have occurred subsequent to the time of the findings and order of the Board, and therefore have no place in the present proceedings."

Any other rule would deprive the orders of the Board of finality and make possible endless reopening of the proceedings.

Respondent relies on the provisions of subdivision 2 of section 707 of the Labor Law authorizing the court to direct additional evidence to be taken by the Board. This section, however, obviously refers to evidence available at the time of the hearing before the Board and relating to conditions existing prior to the entry of the order.

The court at Special Term laid great stress on the delays which had occurred between the making of the order and the request for an enforcement order. As above indicated, the delays were mostly at the request of the respondent. But in none of the many Federal cases has mere delay been held a cause for refusing an enforcement order. The reason why respondent has no cause to complain of the delays in the proceeding is found in the provisions of the Labor Law itself which permit an application for review of a Board's order by the respondent at any time when the respondent becomes dissatisfied with the inaction or other conduct of the Labor Board as to its orders. Respondent has thus a complete remedy under the act.

The considerations applicable in an enforcement proceeding must not be confused with a proceeding to punish for contempt for failure to comply with an enforcement order already made. In an enforcement proceeding the only considerations are those previously indicated. In a later proceeding to punish for contempt the court may in its discretion consider intervening circumstances in determining whether punishment should be administered for a failure to obey the prior order of the courts. In *National Labor Relations Board* v. *Acme Air Appliance Co.* (117 F. [2d] 417, 421) the Circuit Court of Appeals said: " The Board ordered reinstatement of all eight employees with back pay. The proof in the record indicates that the order was justified, under Section 10 (c) of the Act, 29 U. S. C. A. § 160 (c), at the time it was made. If subsequent or unproved events furnish a defense in whole or in part to the enforcement of the foregoing provisions of the order for reinstatement and back pay, such a defense cannot affect the validity of the order itself, which speaks as of the time of the hearing and is founded upon the record before the Board. Such defenses as are asserted in Acme's brief may be interposed to a motion by the Board to punish a refusal to obey an order of this court to enforce the Board's order for reinstatement and back pay of the eight employees."

A review of the record convinces us that there is no substance to the claim that the Board's findings are not supported by substantial evidence.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted as prayed for in the order to show cause.

MARTIN, P. J., GLENNON, COHN and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted as prayed for in the order to show cause. Settle order on notice.