In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Petitioner, against TOFFENETTI RESTAURANT COMPANY, INC., Respondent.

Supreme Court, Special Term, New York County, March 8, 1943.

*Daniel Kornblum* for petitioner.

*Teitelbaum & Teitelbaum* for respondent.

*Pinto & Marcantonio* for Local Joint Executive Board of New York City, Hotel and Restaurant Employees' International Alliance and Bartenders' International League of America.

*Boudin, Cohn & Glickstein* for Chefs, Cooks, Pastry Cooks and Assistants Union, Local No. 89.

SCHMUCK, J. The petitioner appeals to this court invoking the exercise of authority vested by section 707 of the New York State Labor Relations Act (Labor Law, art. 20) seeking the enforcement of an order made by the petitioner pursuant to section 706 of the aforementioned Act.

The State Labor Relations Board had directed the respondent, which conducts a restaurant at 43rd Street and Broadway, Manhattan, to cease threatening or cajoling its employees with reference to membership in a labor organization of their own selection, to refrain from discouraging membership in a labor union by discrimination, and from interfering with the purposes of section 703 of the Act. Other and more drastic directions, all, however, within the power delegated the petitioner, were imposed requiring reinstatement, preferential employment and back pay. This order resulted from a decision based on findings made by the Board after hearings conducted and required by the Act.

This petition for an order of enforcement presents an issue which limits the court's investigation, broadly speaking, to two inquiries: first, are the findings of the Board supported by relevant, material and substantial evidence, and second, was the order such as should and could have been made when promulgated? (*Matter of N. Y. State Labor Relations Bd.* v. *Timen,* 264 App. Div. 120.)

Although laws akin to the one being considered are relatively new, they have by State and Federal tribunals been frequently interpreted and the issue presented by this petition is one neither startling nor without precedent. It is now an inescapable rule that if the findings of the Labor Relations Board are predicated on substantial evidence, they are universally conclusive. In *Matter of Stork Restaurant, Inc.,* v. *Boland* (282 N. Y. 256) the following is discoverable: " The duty of weighing the evidence and making the choice rests solely upon the Board.

The courts may not weigh the evidence or reject the choice made by the Board where the evidence is conflicting and room for choice exists.'' Many similar authorities exist invariably holding that the court cannot substitute its judgment, opinion or inference of conflicting evidence for that of the Board.

After examining the record herein and considering the excerpts of testimony, it must be held that substantial foundation for the findings of the Board is shown. Although some basis exists for the criticism of the Board's perfunctory rejection of the respondent's evidence, there can be no doubt that part reliance on the testimony of the discharged employees, particularly the, ones who were enthusiastically assiduous in unionizing the restaurant, establishes that respondent's president, headwaiter and others in charge did by act and word of mouth interfere with the free choice contemplated by the Act and in such a manner as to offend the purposes of the Labor Relations Act. Without approving or depending upon all the partisan and prejudicial conclusions of petitioner, it is indebatable that the findings of the Board were based on substantial evidence and are therefore conclusive.

The order by which the Board seeks to effectuate its findings is held unobjectionable and its requirements and directions necessary to carry out its decision. It cannot be said that the order imposes a venomous penalty rather than an impartial attempt to neutralize the effect of what must now be held to be unfair labor practices. As the provisions of the order are examined and analyzed, justification for each and every one of them is abundantly present. The requirement to cease discouraging union membership, to offer reinstatement to six of the eight employees discharged because of union activities, to make whole, in a financial sense, the loss suffered because of the dismissals and all the other directions are matters which have heretofore in other similar cases received judicial sanction. (*Matter of Stork Restaurant, Inc.,* v. *Boland,* 282 N. Y. 256, *supra; Matter of N. Y. State Labor Relations Bd.* v. *Timen,* 264 App. Div. 120, *supra; Matter of Davega-City Radio* v. *State Labor Relations Bd.,* 281 N. Y. 13; *Matter of State Labor Relations Bd.* v. *Interborough News Co.,* 170 Misc. 347; *H. J. Heinz Co.* v. *N. L. R. B.,* 311 U. S. 514, and many others.)

It necessarily follows from the foregoing statements that the motion must be granted unless substance· is found in respondent's objections. The claim that the right of due process was violated is not acceptable. The Board followed the course prescribed by the Act and as the Act is constitutional (*Met. Life*

*Ins. Co.* v. *Labor Relations Board,* 280 N. Y. 194) this protest is untenable. Of the other objections the claim that the order denies respondent the precious right of free speech is the most intriguing and proved momentarily arresting But after reflection this too must be considered unavailing. As was said in *N. L. R. B.* v. *Federbush Co.* (121 F. 2d 954), " No doubt an employer is as free as anyone else in general to broadcast any arguments he chooses against trades-unions; but it does not follow that he may do so to all audiences. The privilege of ' free speech,' like other privileges, is not absolute; it has its seasons; a democratic society has an acute interest in its protection and cannot indeed live without it; but it is an interest measured by its purpose. That purpose is to enable others to make an informed judgment as to what concerns them, and ends so far as the utterances do not contribute to the result. * * * Arguments by an employer directed to his employees * * * are legitimate enough as such and pro tanto the privilege of ' free speech ' protects them; but, so far as they also disclose his wishes, as they generally do, they have a force independent of persuasion." Therefore the order is entitled to be enforced in full.

The cross motion of respondent to vacate the final order of the Board issued on August 8, 1941, and to dismiss the complaint on the ground of newly discovered evidence is denied on the authority of *Matter of N. Y. State Labor Relations Bd.* v. *Timen* (264 App. Div. 120, *supra*), since the alleged events occurred subsequent to issuance of the order.

Motion granted as requested, cross motion denied. Settle order.