In the Matter of NEW YORK STATE LABOR RELATIONS BOARD, Appellant, against FORDHAM ELECTRIC CO., INC., Respondent.

First Department, July 9, 1943.

*William E. Grady, Jr.* of counsel (*Philip Feldblum* with him on the brief; *Daniel Kornblum,* attorney), for appellant.

*J. Leon Israel* for respondent.

CALLAHAN, J. Special Term denied petitioner-appellant's motion for an enforcement order herein upon the procedural ground that the order proposed omitted any specific finding as to the amount due to the discharged employee. As we deem that the petition should have been denied on the merits we affirm the order appealed from without passing on the procedural question raised. We find that there was no substantial evidence warranting the holding by the Board that the employer was guilty of any unfair labor practice. The basis of the Board's finding was that the employer had improperly discharged one Otiepka. The evidence discloses that Otiepka was first discharged on March 8, 1940, but was reinstated in his position on the following day, March 9, 1940.

A month later the respondent, his employer, did away with the radio repair department of its business, in which Otiepka was employed. The employer did this because its experience demonstrated that this part of its business was a losing venture. The trial examiner of the Board expressly found that the income from this department in the three months before Otiepka's discharge was $293.11 as against a wage outlay alone of $325 in the same period. In addition the employer was required to meet the overhead of this department and the cost of operating an automobile used by Otiepka for deliveries. The trial examiner in his report stated: " Otiepka during this three month period was not a profitable employee."

The employer never carried on any radio repair work after Otiepka's discharge. The Board found, nevertheless, that the employer must restore Otiepka to his former position. It based this finding upon the fact that on some occasions Otiepka did some work in other departments, when he was not busy with radio repairs. It is quite apparent, however, that a large percentage of Otiepka's work was in the radio department. The effect of the order sought would be to require the employer to restore an employee to a position in a department which no longer existed. To grant such an order would make the act confiscatory. It would require the employer to pay Otiepka several years' back wages which accrued during the period consumed in hearing this labor dispute, during all of which time the employer carried on no radio repair work.

As was said in *National Labor Relations Board* v. *Lightner Pub. Corp.* (128 F. 2d 237): '' Certainly an employer may not be required to reinstate an employee in a position which, because of a loss of business, no longer exists.''

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

COHN, J. (dissenting). An examination of the record leads me to conclude that each of the New York State Labor Relations Board's findings is supported by substantial evidence. Accordingly, such findings are conclusive upon the court. (Labor Law § 707, subd. 2; *Labor Board* v. *Nevada Copper Co.,* 316 U. S. 105; *Matter of Stork Restaurant, Inc.,* v. *Boland,* 282 N. Y. 256, 267; *Matter of N. Y. State Labor Relations Board* v. *Timen,* 264 App. Div. 120.)

The order should be reversed, and the Board's order should be enforced in whole.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur with CALLAHAN, J.; COHN, J., dissents in opinion.

Order affirmed, with twenty dollars costs and disbursements.