In the Matter of ROCHESTER-PENFIELD BUS COMPANY, INC., Petitioner, against NEW YORK STATE LABOR RELATIONS BOARD, Respondent.

Supreme Court, Special Term, Monroe County, May 14, 1946.

*Austin W. Erwin* and *Austin W. Erwin, Jr.,* for petitioner.

*Philip Feldblum, Jay Kramer* and *William E. Grady, Jr.,* for respondent.

CRIBB, J. Petitioner herein, pursuant to section 707 of the New York State Labor Relations Act (Labor Law, art. 20), petitions this court to vacate an order of the New York State Labor Relations Board duly made and issued pursuant to section 706 of the Act. The board, by cross motion and cross petition applies for enforcement of its order.

In proceedings of this character, under section 707 of the Labor Law, the only questions before this court are: (1) Are the respondent's findings supported by substantial evidence? and (2) was respondent's order proper when made? (*Matter of N. Y. State Labor Relations Board* v. *Timen*, 264 App. Div. 120.)

On July 8, 1945, the petitioner in this proceeding discharged from its employ Claude V. Schoonover, who was a bus driver. Upon his complaint to the respondent proceedings were commenced against petitioner; hearings were held and testimony taken. Respondent has found that Schoonover was discharged by petitioner because he had applied for membership in a union, the International Association of Machinists, and had endeavored to induce some of his coworkers to join the union, and that petitioner has required, as a condition of employment, that its employees refrain from joining or assisting a labor organization of their own choosing.

Petitioner claims that Schoonover was discharged because on various occasions, without notifying his employer, he failed to report for duty and take out his bus for the run assigned him; he had on various occasions been disagreeable and insubordinate in his dealings with the company's dispatcher and its maintenance superintendent.

That Schoonover was a good bus driver is unquestioned. He was so treated and rewarded by his employer. The question naturally arises as to why he was retained during the last year of his service if he was disagreeable, insubordinate and a troublemaker. Petitioner's answer is that due to the manpower shortage at that time, it was necessary to overlook shortcomings and unsatisfactory practices of employees. It was difficult to secure help of any kind. This court must, I believe, and the respondent board should have recognized this condition which obtained generally throughout the country.

The findings of the respondent board must be sustained if supported by " substantial " evidence. An examination of the testimony convinces me that the board rejected all of the evidence adduced by the petitioner bus company and accepted all produced in support of its complaint against the bus company.

The board has this right since it is the judge of the credibility of the witnesses. Having done this its findings are conclusive if supported by evidence. (Labor Law, § 707, subd. 2.) However, as stated by the court in *Matter of Stork Restaurant, Inc., v. Boland* (282 N. Y. 256, 273) a finding "is supported by the evidence only when the evidence is so substantial that from it an inference of the existence of the fact found may be drawn reasonably." The court there further said (p. 274): "Evidence which unexplained might be conclusive may lose all probative force when supplemented and explained by other testimony." In the instant case it seems that the testimony of petitioner's witnesses, if believed by the board, would rob the evidence offered in support of the complaint of most, if not all, of its probative force. However, the board has rejected this testimony. Does the testimony of Schoonover, together with the meager evidence offered in proof of the allegations of the complaint, constitute substantial evidence as defined in *Matter of Stork Restaurant, Inc., v. Boland* (*supra*)? I find that it does not.

Petitioner's motion is granted and the motion of respondent is denied.

Let order enter accordingly.