James S. Brown, Jr., J.
Petitioner applies herein pursuant to section 707 of the New York State Labor Relations Law (Labor Law, art. 20) for the enforcement of its order made pursuant to section 706 of the act.
The respondent is the owner of an apartment house in Brooklyn with two employees. On March 19, 1951, pursuant to a charge filed by the United Service Employees Local 377, O. I. O., the board issued its complaint alleging that the respondent had engaged in certain unfair labor practices within the meaning of section 704 of the act. On March 30, 1951, and April 17, 1951, the two employees voluntarily left the employ of the respondent. On March 30, 1951, "respondent filed an answer and on April 11, 1951, a full hearing was held before *710 the trial examiner of the board. On April 16, 1951, the trial examiner issued his report and respondent did not file any exceptions to the same. On April 20, 1951, the respondent moved to shorten the life of the original certification, which motion was denied by the order of the board on July 19, 1951. On July 19, 1951, the board affirmed the findings of the trial examiner to the effect that respondent had failed and refused to meet and negotiate with the said union as the exclusive bargaining representative of the employees.
The respondent contends that there was insufficient evidence before the board to sustain its finding that the respondent had failed to bargain in good faith with the union, that respondent’s application to terminate the board’s certification of the union should have been granted since the employees who voted for the union to represent them had voluntarily left the employ of the respondent and, further, that there is no authority to sustain the enforcement of the board’s order against anyone other than the respondent corporation.
“ Under Section 707 of the Labor Law, on an application by the board for an enforcement order or by an employer for a review of its order, the only questions before the court are: (1) Are the board’s findings supported by substantial evidence? and (2) Was the board’s order proper when made? ” (Matter of New York State Labor Relations Bd. v. Timen, 264 App. Div. 120, 122.) The evidence adduced before the board indicates that the board’s findings were thus supported and its order was proper when made.
Respondent’s further contention that the defection in union membership after certification relieves it of the obligation to bargain with the union is also without force. (New York State Labor Relations Bd. v. Morales & Sons, 113 N. Y. S. 2d 518, Beldock, J.; Labor Bd. v. Bradford Dyeing Assn., 310 U. S. 318; Medo Corp. v. Labor Bd., 321 U. S. 678.)
The petitioner had authority to issue an order directed not only against respondent corporation but also its officers and managing agents. (Matter of New York State Labor Relations Bd. v. Wheeler, 177 Misc. 945, mod. 265 App. Div. 970, affd. 291 N. Y. 562; National Labor Relations Bd. v. Boss Mfg. Co., 118 F. 2d 187.) I do not find any authority, however, which permits the enforcement of the board’s order against the “ successors or assigns ” of the respondent. The board’s order is modified accordingly and petitioner’s application granted with such modification. Submit order.