Matthew M. Levy, J.
This is an application by the New York State Labor Relations Board, pursuant to section 707 of the State Labor Relations Act (Labor Law, art. 20), for enforcement of an order of the board, made and issued pursuant to section 706 of the act.
The order which the board seeks to enforce stems from two proceedings before it. On June 23,1955, the Upholsterers International Union filed a petition, pursuant to section 705 of the act, requesting the board to investigate an alleged question or controversy concerning the representation of the respondent’s production employees, and to certify the union as their representative. A hearing on the petition was had before the board. The respondent contended that the appropriate unit should not be limited to respondent’s, production employees, but should include all the production employees employed by the members of the Associated Marble Manufacturers, Inc., of which the respondent is a member. After considering all the evidence and after the respondent’s employees voted in favor of representation by the union, the board, on February 1, 1956, issued its certification of the union as the representative, for the purposes of collective bargaining, of the respondent’s production employees. The respondent refused to bargain with the union. After a hearing in an unfair labor practice proceeding, the board, on July 31, 1956, issued its decision and order, in which it found that respondent had refused to bargain collectively, in violation of subdivision 6 of section 704 of the act, and directed the respondent to bargain collectively with the union as representative of the employees within the appropriate unit.
On October 22, 1956, the petitioner commenced a proceeding in this court to enforce that order, and the application was heard at Special Term, Part I, of this court before Mr. Justice Lynch. On April 8, 1957, Mr. Justice Lynch made and filed an order remitting this proceeding to the petitioner for a further hearing and determination. The decision reads as follows: “ Inasmuch as the petitioner indicated in its decision that the association-wide unit may become desirable at a future time when organiza *879 tion has progressed further and other requisites, not specified, have been met, this proceeding is remitted to the petitioner, New York State Labor Relations Board, for a further hearing to determine the present status of the Associated Marble Manufacturers, Inc., and whether said association should now be designated as the appropriate bargaining unit.” (N. Y. L. J., April 9,1957, p. 6, col. 2.)
On May 2, 1957, Mr. Justice Lynch signed an order to show cause, at the petitioner’s request, why its “ application for leave to reargue petitioner’s motion to enforce, in whole, its order dated July 31,1956, should not be granted, and why, in the event that such leave is granted, such reargument should not then and there proceed, and why upon such reargument, petitioner’s motion to enforce in whole its aforesaid order should not be granted and why petitioner should not have such other and further relief as may be just and proper.” This motion duly came on to be heard before Mr. Justice Lynch, and on July 31, 1957, he made and filed a memorandum decision reading as follows: ‘ ‘ Motion for reargument is granted and upon such reargument the decision heretofore filed is recalled. Upon such reconsideration, petitioner’s motion for an olrder of enforcement is granted. Settle order.” (N. Y. L. J., Aug. 1, 1957, p. 2, col. 4.)
A proposed order was duly submitted on notice for August 8, 1957, but, unfortunately, Mr. Justice Lynch died on September 10, 1957, and the order which was submitted was never signed. Thus it is that the present motion by the petitioner to enforce its order of July 31,1956, and for other relief, has come on before me.
It is the contention of the respondent that the proceeding was finally determined in April, 1957, by Mr. Justice Lynch when he remitted the matter to the petitioner for further hearing, and that the proceeding cannot now be heard before another Justice of the court. A number of cases are cited by the respondent in support of this contention. In my view, none is applicable.
"When my late learned colleague stated in his July, 1957, decision that the “ motion for reargument is granted and upon such reargument the decision heretofore filed [in April, 1957] is recalled,” that brought the proceeding back to the court for original disposition, and the direction for remission to the petitioner for further hearing was vacated. It is true that Mr. Justice Lynch noted further in his decision that the parties should “ settle order ”, but the entry of a long-form order was not necessary to nullify his prior determination and to revive the proceeding before the court, and there was no need or direction *880 for a long-form order effectuating that result. The short-form decision granting the reargument and recalling the prior short-form remission sufficed for that purpose. The import of the direction to ‘ ‘ settle order ” was to obtain the usual long-form order needed to bring’ into formal fruition the rest of Mr. Justice Lynch’s decision — that the “ petitioner’s motion for an order of enforcement is granted.”
In words and substance, that is the motion before me — for an order of enforcement. I am of the opinion that, on the facts of this case, the motion should be granted, whether considered from the point of view of a pro forma application for the entry of an appropriate order on the basis of the late Mr. Justice Lynch’s final determination, or from the point of view of a de novo application for the entry of an order of enforcement of the petitioner’s order directing the respondent to bargain with the designated union as an appropriate unit.
In a consideration of the first phase of the matter, let it be noted that a new provision was recently added to the Civil Practice Act, to be known as section 79-a (L. 1958, ch. 425), reading as follows: “ § 79-a. Effect of death of judge or justice following a verdict, report or decision. The death of a judge or justice following his verdict, report or decision upon any issue, motion, question or any other matter in an action or proceeding properly before him shall not impair or affect the validity of such verdict, report or decision; and any other judge or justice of such court may, on the application of a party to such action or proceeding, give effect to such verdict, report or decision and make and sign an appropriate order or judgment based thereon, which order or judgment shall have the same force and effect as if it had been made by the judge or justice making the verdict, order or decision upon which it is based. ’ ’
However, since this new section is to take effect on September 1, 1958, I do not rely upon it as a basis for my decision. I say, in passing, however, that, in some aspects, it may codify what I understand to be the existing law (cf. Civ. Prac. Act, §§ 78, 79, 93).
In the case at bar, there was, before my late learned colleague, no opposition by the respondent to the form of the order submitted by the petitioner last August, and there is no opposition to the basic form of that order before me. The order complies with the determination of Mr. Justice Lynch, is in the form usual for an enforcement proceeding of this type, and is in keeping with the applicable statute and the petitioner’s procedures. Its signing and direction for entry are therefore but ministerial acts which may be performed by any duly designated Justice of *881 the court in view of Judge Lynch’s passing (Metropolitan Life Ins. Co. v. Union Trust Co., 294 N. Y. 254).
Although urging that the merits are not now an issue, the respondent nevertheless argued them. The second phase of the case required me, therefore, to go into the merits of the application as if the matter were before me as an original proposition, and this I did. Without question, the board’s findings are supported by substantial evidence and accordingly are conclusive, and the board’s determination may not be disturbed since it is not arbitrary or capricious or contrary to law. But it is claimed by the respondent that, shortly after the commencement of the representation proceeding, an employers’ association — which had been quiescent after 1943 — became reactivated, that during its prior existence it was the bargaining unit for its members, and that the revived organization is now the proper bargaining unit, not the single employer before the board. However, there is no explicit statement in the answering affidavit that the purported reactivated association is authorized to bargain collectively for and on behalf of its members.
Moreover, change in factual circumstance is for the board, as was the original determination upon the original situation. The law is clear that events subsequent to the board’s order do not warrant a denial by the court of the board’s application for the enforcement of that order. ‘ ‘ Changes in circumstances or events occurring subsequent [to the order of the board] are immaterial in an application to the court for an order to enforce the board’s order.” (Matter of New York State Labor Relations Bd. v. Harmony Tea Shoppe, 285 App. Div. 1162, affd. 2 N Y 2d 980.) “ Under section 707 of the Labor Law, on an application by the Board for an enforcement order or by an employer for a review of its order, the only questions before the court are: (1) Are the Board’s findings supported by substantial evidence ? and (2) Was the Board’s order proper when made?” (Matter of New York State Labor Relations Bd. v. Timen, 264 App. Div. 120, 122.) On the record before me, the answer to each inquiry is in the affirmative.
Settle order, reciting all of the papers that were submitted on the first and second motions before Judge Lynch as well as on the motion before me.