Jacob J. Schwartzwald, J.
The petitioner, New York State Labor Relations Board (hereinafter referred to as the “Board”), moves pursuant to section 707 of the Labor Law for the enforcement of its order dated January 21, 1969, requiring the respondent to desist- from the unfair labor practice of refusal to bargain with Local 1199, Drug and Hospital Employees Union, AFL-CIO (hereinafter referred to as the “ Union ”). The respondent, Wyckoff Heights Hospital (hereinafter referred to as the “respondent”), a voluntary nonprofit hospital, cross-moves to set aside the order sought to be enforced by the Board upon the grounds of (a) that a unit consisting solely of pharmacists is not an appropriate bargaining unit; (b) laches; and (c) there has been a change of circumstances; or in the alternative, that this court remand this case to the Board with instructions to conduct a second representation election. The respondent has conceded that it refused to bargain with the Union and its avowed purpose in this proceeding is to obtain a judicial review of the Board’s finding in the representation proceeding that the respondent’s pharmacists are professional employees and constitute an appropriate bargaining unit.
There were two proceedings in this matter. The first, a “representation proceeding” pursuant to section 705 of the
*286 Labor Law (Case No. SE-41647). After the Union, had filed the usual petition for investigation and certification of bargaining representative, a hearing was held on November 14, 1967. At this hearing the respondent’s position was that the pharmacists were not members of a profession, as claimed, within the meaning of subdivision 2 of section 705 of the Labor Law, and that a unit limited to licensed pharmacists was not appropriate for the purposes of collective bargaining, and that other professional and technical help should be included. The respondent’s offer of proof, objected to by the Union, to show that prior to 1966, traditionally, pharmacists had not been grouped in a separate unit, was rejected by the trial examiner, and subsequently upheld by the Board, upon the ground that such proof was immaterial when the “professional proviso” in subdivision 2 of section 705 was invoked. The Board on February 7, 1968, relying on its previous decisions in University Hosp. (29 SLRB 166) and in Roosevelt Hosp. (29 SLRB 448), determined that the language of the proviso in the statute was ‘1 clear and mandatory ”, and concluded that the pharmacists were members of a particular profession within the meaning of the statute. A self-determination election, as ordered, was held on February 27, 1968, and a majority of the eligible pharmacists voted to bargain as a separate unit and designated and selected the Union as their collective bargaining representative. On March 11, 1968, the Board certified the Union as the exclusive representative of the respondent’s employees in the unit. By letter dated March 25, 1968, the respondent disagreed with the Board’s determination, and on this application seeks judicial review of that determination. On May 3, 1968, the Union invoked the arbitration procedures pursuant to section 716 of the Labor Law.
The second proceeding was an unfair labor practice proceeding (Case No. SU-42845). On December 18, 1968, the Union filed a charge of unfair labor practice, following which the Board on January 2, 1968 served a complaint and the respondent served an answer. The answer did not deny the allegation that the respondent had refused to negotiate in good faith with the Union for the purpose of collective bargaining. On January 20, 1968 a hearing was held before a trial examiner. The minutes disclose that the respondent had disposed of its Queens location and contained the express statement by its attorney, “I will say that we would refuse to recognize and bargain with Local 1199 as the collective bargaining representative of our pharmacists ”, and the position was reiterated that it would seek judicial review with respect to the designated bargaining *287 unit. No other issues were raised. On January 21, 1969, the Board rendered its decision and order in which it stated that the proceeding was made necessary because of the decision in Long Is. Coll. Hosp. v. Catherwood (23 N Y 2d 20), in which it was held that, in the case of a nonprofitmaking hospital, when the employer challenges the Board’s certification of the Union’s status as bargaining representative and seeks a judicial review thereof, such review must be made available under section 707 of the Labor Law before resort may be had to fact-finding or compulsory arbitration procedures in section 716 of the law. The Board in its order directed the respondent to cease and desist from refusing to bargain with the Union, and affirmatively to bargain in good faith; and it is this order which the Board seeks to enforce on this motion.
It is clear that initially there is involved here the question of interpretation of the language of subdivision 2 of section 705 of the Labor Law, the relevant part of which reads as follows: ‘ ‘ The board shall decide in each case * * * the unit appropriate for the purposes of collective bargaining * * * provided, however, that in any case where the majority of employees of a particular craft, or in the case of a non-profit-making hospital or residential care center where the majority of employees of a particular profession or craft, shall so decide the board shall designate such profession or craft as a unit appropriate for the purpose of collective bargaining.”
While ordinarily statutory construction is a function of the court, where an administrative agency has made an initial determination, the reviewing court’s function is limited, and the administrative determination is to be accepted if it has a “ ‘ “ warrant in the record ’ ’ and a reasonable basis in law ’ (Board v. Hearst Publications, 322 U. S. 111, 131).” (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104, 108; Red Hook Cold Stor. Co. v. Department of Labor, 295 N. Y. 1, 9; Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 77; Matter of Kilgus v. Board of Estimate of City of N. Y., 308 N. Y. 620, 627.) This court agrees with the determination of the Board that the language of the professional proviso in the statute is peremptory, that “shall” means “shall”, and especially is this so where officers are commanded to do an act which concerns public interests or the rights of individuals (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 177). This conclusion is fortified by consideration of the preceding language which directs that ‘ ‘ the board shall decide in each case * * * the unit appropriate for the purposes of collective bargaining ’ ’ and it cannot be disputed that such manda *288 tory duty is imposed on the Board. Accordingly, the collective bargaining history of pharmacists prior to 1966 was properly excluded where the pharmacists had invoked the ‘ ‘ professional proviso ” in the statute. That they had not done so before, or had been previously grouped with porters, wall washers, and animal attendants in other contracts, was of no consequence and actually indicates a sound basis for the legislative provision. The obvious purpose of the statute is to afford employees who are members of a profession the right to bargain in a separate unit if they so desire.
The contention of the respondent that pharmacists are not members of a profession is without merit. It has been held to the contrary (Lutz v. Houck, 263 N. Y. 116, 119). The Board found that they were, in its prior decisions in University Hosp. and Roosevelt Hosp. (supra). They must complete an arduous course of preparation and take an examination (Education Law, § 6803); see, also, Handbook 11 (Professional Education) issued by the University of the State of New York, describing-pharmacy as a profession. The National Labor Relations Board has also held pharmacists to be professionals.
The defense of laches based on the Union’s delay in filing the unfair labor practice charge is without merit. Immediately after the certification the respondent gave notice that it would challenge the appropriateness of the bargaining unit and seek judicial review. In Long Is. Coll. Hosp. v. Catherwood (23 N Y 2d 20, 39, supra), the court noted that delays may occur when the parties desire an- adjudication of the dispute by a court, and that in Labor Bd. v. Metropolitan Ins. Co. (380 U. S. 438), the lapse of time between certification and the Supreme Court’s determination was two and one half years. Mere delay or laches is -not cause for refusing an enforcement order (Matter of New York State Labor Relations Bd. v. Timen, 264 App. Div. 120; Matter of New York State Labor Relations Bd. v. Paragon Oil Co., N. Y. L. J., Nov. 18, 1943, p. 1389, col. 2 [Sup. Ct., Kings County]). In further support of its claim of laches, the respondent points out that after certification, the Union on May 3, 1968 invoked the arbitration procedures provided in section 716 of the Labor Law, and that ultimately there was a delay of nine months in the filing of the unfair labor' practice iciharge. It equates the Union strategy to a sporting event and alleges that the Union “ gambled and lost ” by reason of the decision in Long Is. Coll. Hosp. v. Catherwood (supra) on October 14, 1968, which held that section 716 did not embrace representation issues, and that the Union should have followed the judicially accepted method of filing an unfair labor practice charge. *289 This court takes no such view. The state of the law in that case (28 A D 2d 1092 and 29 A D 2d 642), until the reversal by the Court of Appeals, supported the position and action of the Union.
The respondent asks this court to impose the six months’ Statute of Limitation provided in the National Labor Relations Act. The simple answer is that our Labor Law contains no such provision. In the absence of a statutory provision the court does not have the power to introduce and enforce such a limitation (People ex rel. Schick v. Marvin, 249 App. Div. 293). In Long Is. Coll. Hosp. v. Catherwood (supra, p. 39) the court suggested that the Legislature give thought to the enactment of legislation requiring that certification and refusal to bargain proceedings be expedited and that the period for prosecution of appeals from the Board’s order be shortened.
The Board’s certification was valid for one year from the date thereof under its rule 19. Where unusual or extraordinary circumstances- require it, rule 19 permits the Board to shorten the life of the certification. The respondent could have but did not avail itself of this remedy.
The respondent asserts as a defense that since the representation order there has been a “ dramatic ” change in circumstances in that only one of the four pharmacists who voted in the election is now employed by it, as a result of personnel turnover. An application to enforce an order properly made should be granted. The rule is well established that changes in circumstances or events occurring subsequently are immaterial on an application to the court to enforce the Board’s order (Matter of New York State Labor Relations Bd. v. Timen, 264 App. Div. 120, 122; Matter of New York State Labor Relations Bd. v. Harmony Tea Shoppe, 285 App. Div. 1162, affd. 2 N Y 2d 980; Matter of New York State Labor Relations Bd. v. America Marble Co., 13 Misc 2d 877, 881, affd. 7 A D 2d 907). A subsequent change of heart on the part of employees or the subsequent loss of majority, in favor of the selected agency, whether due to such cause or shifting personnel, is not a bar to an enforcement order (New York State Labor Relations Bd. v. Morales & Sons, 113 N. Y. S. 2d 518). It is sufficient if the Union represented a majority of the employees when it was designated the collective bargaining agent, even though it does not represent a majority at the present time (Di Carlo v. Bakery & Confectionery Workers Union Local 258 AFL-CIO, 114 N. Y. S. 2d 173). There is valid reason for the rule. “ Any other rule would deprive the orders of the Board of finality and make possible endless reopening of the proceedings ” (Matter of New *290 York State Labor Relations Bd. v. Timen, 264 App. Div. 120, 122, supra). “ The legal situation has to be viewed as of the time of the Board’s decision; otherwise there is danger often spoken of, of making a merry-go-round of the act.” (National Labor Relations Bd. v. Condenser Corp., 128 F. 2d 67, 81.)
Finally, the issues of laches, waiver or estoppel, and change of circumstances were not raised before the Board, but are asserted for the first time in this proceeding. Subdivision 2 of section 707 of the Labor Law provides: “ No objection that has not been urged before the board, its member, agent or agency, shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances.”
The court will not review questions not raised in the first instance before the Board (Matter of Stork Rest. v. Boland, 282 N. Y. 256, 266; Matter of New York State Labor Relations Bd. v. Timen, 264 App. Div. 120, 122; Matter of New York State Labor Relations Bd. v. Marlene Transp. Co., 207 Misc. 677, 680, affd. 1 A D 2d 1002). Reliance by the respondent on the opinion of the Board’s attorney, that the assertion of the defenses before the Board would be futile, is an inadequate excuse and does not constitute “ extraordinary circumstances.”
A review of the record convinces this court that the Board’s order was proper when made, has a reasonable basis in law, was supported by substantial evidence, and was not arbitrary or capricious. Accordingly, the motion for an enforcement grder is granted in all respects and the cross motion is denied.