John L. Labkix, J.
The petitioner, New. York State Public Employment Relations Board (PERB), brings this motion pursuant to section' 213 of the Civil Service Law, directing the respondent, City of White Plains, to comply with an order of the petitioner. The respondent, City of White Plains, cro&smove s pursuant to CPLR 7804 to dismiss the petition on the grounds that the petition is insufficient in law in that the court does not have jurisdiction of the subject matter and that a “defense is founded on documentary evidence ”.
The petitioner is an agency of the State of New York, existing by virtue of chapter 392 of the Laws of 1967, to assist in resolving disputes between public. employees and employers (Civil Service Law,.§ 200).
The respondent, City of White Plains, is a political subdivision of the State of New York and is a public employer, employing, among others, firemen in the City of White Plains.
The firemen are members of the Professional Fire Fighters Association of White Plains, Inc., affiliated with the AFL-CIO within the meaning of subdivision 5 of section 201 of the Civil Service Law. The Fire Fighters Association filed a charge with the petitioner charging the City of White Plains with committing improper practices by refusing to negotiate in good faith with respect to six demands. These demands were allegedly made during collective negotiations between the Fire Fighters Association and the City of White Plains.
By a decision of PERB, dated February 18, 1972, four of the charges were dismissed and two of the Fire Fighters Association’s charges were sustained and PERB directed that the respondent, City of White Plains, negotiate those two demands in good faith with the Fire Fighters Association. Essentially, the two demands that PERB ordered the city to negotiate, concern themselves with tours of duty and the number and makeup of the firemen in each tour. The PERB order required the city to negotiate in good faith with respect to those two issues. By statute (Civil Service Law, § 213, subd. [a]) the city could seek judicial review of that determination under a 30-day Statute of Limitations. The city sought no such review and, in fact, the city contends that they need no review because they are negotiating in good faith.
*1048 What this petition seeks is an order of this court requiring the City of White Plains to comply with the direction of PERB that they negotiate in good faith. The City óf White Plains resists this motion alleging that they are acting in good faith and also contending that such an order should not be entertained until the administrative procedures governing improper practices have been exhausted and that the question -of whether they are negotiating in good faith is a matter of another administrative hearing.
It is obvious that under such a setup the round of hearings, charges and countercharges would be endless and that in the language of Matter of New York State Labor Relations Bd. v. Timen (264 App. Div. 120, 122) “ any other rule would deprive the orders of the Board of finality and make possible endless reopening of the proceedings.” An allegation by the city that they are negotiating in good faith does not make the case moot (J.I. Case Co. v. Labor Bd., 321 U. S. 332).
PERB contends that it is unnecessary to allege noncompliance with its order to obtain judicial, enforcement, but this court will not pass upon that, for in this case there is a dispute as to whether or not there is compliance by the 'city.
An examination of the file indicates that PERB had authority to make such a decision and an examination of the PERB decision, case No. U-0455 would indicate that there is evidence to support PERB’s findings. Therefore, this court grants the petition of PERB and directs the respondent, City of White Plains, to comply with the decision of PERB dated February 18, 1972, especially in their direction to negotiate in good faith.
By this decision, this court does not determine that the City of White Plains was not bargaining in good faith. It makes no factual determination whatsoever in that regard. This decision is limited to a finding that the order of the board (PERB) may be enforced by a judicial declaration, but this court makes no finding that the City of White Plains is, or is not, negotiating in good faith.