James H. Boomer, J.
Respondent New York State Labor Relations Board served upon petitioner a complaint charging it with unfair labor practices. After a hearing the trial examiner found that petitioner h,ad not engaged in the unfair labor practices charged and had not unlawfully discharged any of its employees. He recommended to the board that the complaint against petitioner be dismissed. The board, however, determined that, petitioner did engage in an unfair labor practice and wrongfully failed to reinstate union employees and the board ordered that the matter be reopened for further hearings to take evidence to determine which employees were enti *590 tied to reinstatement and back pay and the amounts of back pay, if any.
The petitioner instituted this' article 78 proceeding to review the determination and order of the board, and the. board by this motion seeks to dismiss the petition upon the ground that this is not a final order subject to court review.
Subdivision 4 of section 707 of the Labor Law states in part, “ Any person aggrieved by a final order of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the supreme court ”. CPLB article 78 regulating the procedure in proceedings' against bodies and officers provides that “ except where otherwise provided by law, a proceeding under this article shall not be used to challenge a determination: 1. which is not final ” (CPLB 7801).
“ The legitimate office of common-law certiorari, as well as the statutory proceeding under the CPLB, is to review and correct decisions and final determinations, and not to divest the body or officer of the right of terminating the proceeding nor to withdraw from it the question to be tried. That is to say that the remedy is not available where the matter sought to be reviewed is a decision or determination during the progress of the hearing or proceeding. It must be the decision or determination which finally winds up the proceeding. There must remain no further act or determination necessary to conclude the rights of the parties, and some substantial and finally determined legal right of a petitioner must be involved before relief will lie.” (23 Carmody-Wait 2d, New York Practice, § 145:9).
The order of the board, on its face, is a nonfinal order. Although it determines that an unlawful labor practice has been committed, it grants no relief either in whole or in part and no. relief will be granted until after further evidence is taken and a final order issued. This order of the board is analogous to the order of the -State Bent Administrator in Matter of Fiesta Realty Corp. v. McGoldrick (308 N. Y. 869) in which he determined that the petitioner’s premises were subject to control and remitted the matter to the local administrator to fix the maximum rents. There, as here, the body or officer made a determination unfavorable to the petitioner and remitted the matter for further hearings to take evidence bearing upon the final relief to be ordered. There the Court of Appeals determined that the order of the State Administrator was not final and, therefore, not subject to court review. (The samo determination must b -nade, her
*591 Petitioner contends, however, that since the State Labor Relations Act is similar to the National Labor Relations Act, we should look for guidance to the opinions of the Federal courts interpreting the Federal act. (Matter of New York State Labor Relations Bd. v. Holland Laundry, 294 N. Y. 480; Matter of New York State Labor Relations Bd. v. Timen, 264 App. Div. 120, 122.) Petitioner points out that the Federal act contains a provision for court review of board orders in language almost identical to that of the State law. Subdivision (f) of section 160 of title 29 of the United State's Code provides, “ Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals ”.
Under the Federal act, the United States Supreme Court has held that an order of the National Labor Relations Board in an unfair labor practice proceeding is a final order subject to review even though the amount of the back pay is not determined. and may be fixed in a subsequent hearing (Labor Bd. v. Deena Artware, 361 U. S. 398). But there is a difference between the Federal and the State procedures in unfair labor practice matters. The rules of the National Labor Relations Board provide,, for two separate proceedings. In the first, the board makes a determination as to whether an unfair labor practice was committed, and it may, as a part of that proceeding, order the employer to reinstate, with back pay, the employees who were wrongfully discharged. If there is no agreement upon the amount of back pay due the employees, then a second and separate proceeding is authorized to resolve this question (Regulations of the National Labor Relations Bd., Code of Fed. Reg., tit. 29, § 102.52).
Under the State act only dne proceeding is contemplated, terminating in an order of the board requiring the employer to desist from any unfair labor practices found to exist and granting other relief such as reinstatement with back pay of any employee wrongfully discharged (Labor Law, § 706, subd. 3). It has been the practice by counsel for the State board to fix the amount of the back pay in the unfair labor practice hearing-(see, e.g., Matter of Greipl v. Building Serv. Employees Int. Union, Local 32E, AFL-CIO, 33 SLRB 45; Matter of Barer v. Factory & Bldg. Employees Union, 33 SLRB 292; Matter of Cooper v. Service Employees Int. Union Local 32B, AFL-CIO, 33 SLRB 493; Matter of Greenfield v. New York State Ind. Union of Bldg. Serv. Employees & Factory Workers, Local 2, NFIU, 33 SLRB 546),
*592 In summary, I hold that the Federal decisions relating to the right to review orders in unfair labor practice proceedings are not controlling here, since the Federal act provides for two separate proceedings resulting in two final orders and the State act provides for only one proceeding and one final order. The order sought to be. reviewed is an interlocutory order not subject to review; the final order is yet to come.
The petition is dismissed.